(44 Misc. Rep. 408.)

MEYER v. HALBERSTADT.

(Supreme Court, Special Term, New York County. July, 1904.)

1. EXECUTION—LEVY ON WAGES.

The amendment to Code Civ. Proc. § 1391, authorizing execution against wages in favor of certain classes of judgment creditors to reach a percentage of such wages where they exceed $20 a week, applies to a judgment rendered before the act took effect September 1, 1903.

Action by Diedrich A. Meyer against Albert G. Halberstadt. Judgment for plaintiff. Motion for judgment debtor to set aside order directing that execution issue against his wages. Motion denied.

Gustav J. Voss, for plaintiff.

Charles W. Culver, for defendant.

BLANCHARD, J. The judgment upon which the execution was issued was recovered January 14, 1903. The judgment debtor contends that, as the amendment to the Code authorizing the execution against his wages did not take effect until September 1, 1903, it does not apply to the judgment recovered against him. I do not think this contention should be sustained. Prima facie the wages of a judgment debtor would be liable to levy under an execution. Dains v. Prosser, 32 Barb. 290. This amendment to section 1391 of the Code of Civil Procedure provides a mode of legal procedure by which a judgment may be collected out of wages of the judgment debtor by special form of execution, and limits the scope of the remedy of the judgment creditor through that process. The statute does not take away nor impair any vested right of the judgment debtor. The operation of the statute should, therefore, not be confined merely to judgments recovered after it took effect. People ex rel. Collins v. Spicer, 99 N. Y. 225, 1 N. E. 680; Matter of Davis, 149 N. Y. 539, 44 N. E. 185; Kelly v. Brownlow, 54 N. Y. Super. Ct. 129. It may also be observed that the language of the statute itself would seem to indicate that it was the legislative intent that it should apply to judgments theretofore recovered. The words of the statute are "where a judgment has been recovered."

Motion denied, with $10 costs.