THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARRY SUTCLIFFE, Appellant.

First Department, November 4, 1938.

*Harry M. Alfert* of counsel [*Anthony Valenti*, attorney], for the appellant.

*Sol. Boneparth* of counsel [*Herman J. Fliederblum* with him on the brief; *Samuel J. Foley, District Attorney*], for the respondent.

COHN, J.   In the City Magistrates' Court of the City of New York defendant pleaded guilty on May 2, 1938, to a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law, in that he had left the scene of an accident without stopping and giving his name and address to the person sustaining the damage or to the nearest police officer.   He was thereupon fined the sum of fifty dollars, or in default in payment of the fine to serve fifteen days in the city prison, and his license to operate a motor vehicle was revoked.   Defendant contends that the judgment of conviction was a nullity because the magistrate failed to inform him before accepting the plea, as required by section 335-a of the Code of Criminal Procedure (Laws of 1937, chap. 124, effective Sept. 1, 1937), that a conviction would subject him to a penalty and would necessarily result in the revocation of his operator's license.

Respondent urges that the provisions of the statute are directory and not mandatory and that the judgment of conviction is in all respects valid though the notice required by the Code was omitted by the magistrate.   The statute in question reads as follows:

" § 335-a. Provisions applicable to pleas of guilty for violations of Vehicle and Traffic Law.   The magistrate, after the arrest of a person charged with a violation of the Vehicle and Traffic Law, and *before accepting a plea of guilty or entering a judgment of conviction pursuant thereto, must inform the defendant* that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motorcycle, may be suspended or revoked."   (Italics ours.)

We are unable to agree with respondent's contention that the provisions of this section are merely directory and not mandatory. This law clearly and unequivocally requires that the magistrate

*must* inform defendant of the penalty for which he is liable and that in addition thereto his license to drive a motor vehicle may be revoked. The notice *must* be given before acceptance of a plea of guilty to a violation of the Vehicle and Traffic Law or entering a judgment pursuant thereto. Indeed, for a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law such revocation is made mandatory (Vehicle and Traffic Law, § 71, subd. 2; Laws of 1933, chap. 354, as amd.) and not merely optional as might appear from the language of section 335-a of the Code.

It is a rule of statutory construction that " Where a statute is framed in terms of command, and there is no indication from the nature or wording of the act or the surrounding circumstances that it is to receive a permissive interpretation, it will be construed as peremptory." (McKinney's Consolidated Laws, vol. 1, Statutes and Statutory Construction, § 15.)

Another familiar rule is that a statute which directs a public officer to do an act for the sake of justice or which clothes a public officer or body with the power to do an act which concerns the public interests or the rights of individuals, is mandatory. (*People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387; *Hardmann* v. *Bowen*, 39 id. 196, 199; *Newburgh Turnpike Co.* v. *Miller*, 5 Johns. Ch. 101, 113; McKinney's Consolidated Laws, vol. 1, Statutes and Statutory Construction, § 15.) Here the statute directs a public officer, the magistrate, to do an act which concerns a substantial right of a defendant, the right to be informed of the penalty before he elects whether to plead guilty to a violation of the Vehicle and Traffic Law or to plead not guilty, in which latter event he may be convicted only if the evidence establishes his guilt beyond a reasonable doubt.

Nor do we find any merit in respondent's contention that the statute is directory because it does not contain negative words which would render the performance of the act illegal or improper if compliance were not made with it. The whole aim and intent of the Legislature would be frustrated if the command to give the warning did not imply a prohibition not to do it. For all of the foregoing reasons we hold that the language of the statute in question is mandatory and not directory.

The wisdom of this recently enacted legislation is demonstrated by the facts in this case. Defendant, an employee of a reputable concern for over eighteen years, not represented by counsel, having in writing waived his right to be tried by a court of three justices, pleaded guilty to this misdemeanor charge " with an explanation." It appears that in a collision defendant had damaged the fenders and dented the wheels and body of the car belonging to the complaining witness and that within a block and a half of the scene he had brought his car to a full stop. Obviously, in the hope that his

explanation of the circumstances would satisfy the presiding judge that there was no intention on his part to willfully leave the scene of the accident without stopping to give the information required by the statute, defendant, unwarned of the consequences, interposed a plea of guilty. His chauffeur's license has been peremptorily revoked and he has paid a fine of fifty dollars. The revocation of his license, he asserts, means the loss of his position. Notwithstanding the defendant's conviction, the record before us indicates that on the facts there may be a reasonable doubt as to whether the defendant was actually guilty of the crime charged.

" Compliance with the commands of a mandatory statute is a condition precedent to the validity of an act or determination under it." (*People ex rel. Lawton* v. *Snell*, 216 N. Y. 527, 534; 2 Lewis' Sutherland, Statutory Construction [2d ed.], § 627.) The magistrate's failure to comply with the law completely nullifies the proceedings taken upon the plea of guilty and the conviction entered thereon and requires a reversal of the judgment of conviction, a reinstatement of appellant's chauffeur's license and a remission of the fine. Appellant, upon receiving the appropriate statutory notice, should be afforded the opportunity of interposing a plea of not guilty to the charge, following which he is entitled to a formal trial.

The judgment of conviction should be reversed and a new trial ordered; appellant's chauffeur's license is ordered reinstated and the fine paid is ordered remitted to appellant.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed and a new trial ordered, appellant's chauffeur's license reinstated and the fine remitted.