W. E. O'NEIL CONSTRUCTION COMPANY, Respondent, v. THE STATE OF NEW YORK, Appellant.  (Claim No. 24833.) —Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event.   Certain findings of fact disapproved and reversed.   Memorandum: The evidence indicates that the claimant sustained damages by reason of the State's failure to furnish suitable bricks and because of the delay in furnishing the same.   The evidence, however, is insufficient to sustain the award of $20,000 for the excess cost of laying the brick or to sustain the award of $3,039.80 for overhead during the period of delay. All concur.   (The judgment awards claimant damages on a claim against the State under a construction contract.)   Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

THEODORE M. JACOBOWITZ, Doing Business under the Firm Name and Style of BUFFALO AUTO SALES, Appellant, v. GAIL RENEAU, Respondent.— Order affirmed, with ten dollars costs and disbursements.   All concur.   (The order of Supreme Court, Erie Special Term, reverses an order of the Buffalo City Court and vacates a judgment in favor of plaintiff and dismisses the complaint.)   Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

In the Matter of the Application of FREEMAN S. SPRAGUE, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act against JOHN A. LYONS, as Commissioner of Correction of the State of New York, Respondent.— Order affirmed, without costs of this appeal to either party.   All concur.   (The order dismisses the application in a proceeding to compel defendant to reinstate petitioner to his position as guard at Attica State Prison.)   Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

In the Matter of the Application of LEONARD DeMARTINO, Respondent, for an Order to Review the Proceedings of CARROLL E. MEALEY, Commissioner of Motor Vehicles of the State of New York, Appellant, Pursuant to Article 78 of the Civil Practice Act of the State of New York.— Order affirmed, without costs of this appeal to either party.   Memorandum: The magistrate before whom the petitioner pleaded guilty to a violation of a speed ordinance, this being the third conviction for speeding within eighteen months, did not require a surrender of the petitioner's license to operate a motor vehicle.   He did, however, immediately send a certificate of conviction of petitioner to the Commissioner of Motor Vehicles.   The Commissioner revoked petitioner's license more than ten days after the conviction and more than ten days after the time he received the certificate of conviction.   The failure to comply with the provisions of section 71-a of the Vehicle and Traffic Law rendered such revocation void.   That statute, requiring certain acts to be performed by public officials for the protection of the rights of individuals, is mandatory.   (People v. Sutcliffe, 255 App. Div. 299.)   All concur.   (The order adjudges the order of the Commissioner of Motor Vehicles purporting to revoke the license of petitioner to be null and void.)   Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.   [See post, p. 976.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DWIGHT S. COREY, Appellant, v. WILLIAM HUNT, Warden of Attica State Prison, Attica, New York, Respondent. — Order affirmed, without costs of this appeal to either party.   All concur.   (The order dismisses a writ of habeas corpus and remands relator into custody.)   Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.