In the Matter of LEONARD DEMARTINO, Respondent, against CARROLL MEALEY, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Argued September 30, 1940; decided November 19, 1940.

*John J. Bennett, Jr.,* Attorney-General (*Irving H. Lessen* of counsel), for appellant.

*Frank Del Vecchio* for respondent.

CONWAY, J. There is presented for consideration the applicability of the provisions of section 335-a of the Code of Criminal Procedure to a charge of violation of a village ordinance limiting the speed of motor vehicles. The respondent when arraigned was informed by the police justice that he was entitled to counsel, trial or adjournment, or that he could plead guilty; that if he pleaded guilty *the only penalty would be a small fine.* He was not informed that a plea of guilt might result in the suspension or revocation of his license. Petitioner pleaded guilty and paid a fine of three dollars. Within the prior eighteen months he had had three other convictions for " speeding," two in this State and one in Pennsylvania. After his plea of guilt, the police justice made a notation of the conviction on the license and noticed the previous convictions in this State. He did not retain the license but advised petitioner to watch out since if he were convicted too many times for speeding he might lose his license.

On the following day the police justice filled out the usual certificate concerning violations of law relating to motor vehicles and forwarded it to the Bureau of Motor Vehicles

in Albany, where subsequently an order of revocation of license was made. Thereafter this proceeding was commenced to annul that order.

It is conceded that the police justice failed to comply with section 335-a of the Code of Criminal Procedure but it is urged that the requirements of that section apply only to violations of the Vehicle and Traffic Law (Cons. Laws, ch. 71) and not to those of a village ordinance. Considering the section alone, that would appear to be true.

Section 335-a is as follows: " Provisions applicable to pleas of guilty for violations of vehicle and traffic law. The magistrate, after the arrest of a person charged with a violation of the vehicle and traffic law, and before accepting a plea of guilty or entering a judgment of conviction pursuant thereto, *must inform the defendant* that upon conviction, *not only* will he be liable to a penalty, but that, *in addition*, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may be suspended or revoked."

However, section 71, subdivision 2, of the Vehicle and Traffic Law provides: " Mandatory suspensions and revocations. Such *licenses must* be revoked and such *certificates of registration may* also be revoked where the holder is convicted * * * (c) of a *third* or subsequent violation, committed within a period of eighteen months, of any provision of *section fifty-six* of this chapter or any other *ordinance or regulation* limiting the speed of motor vehicles and motor cycles."

The section just quoted is referred to in section 71-a of the Vehicle and Traffic Law as follows: " Surrender of license where revocation is mandatory. Upon the conviction of a person *for an offense under this article* with respect to which the revocation of his license to operate a motor vehicle or motor cycle is *mandatory*, as provided in *subdivision two of section seventy-one of this article*, the magistrate, justice or judge before whom the conviction is had, whether or not such officer has power under this article to revoke such a license, must require such convicted person

to surrender his license at the time judgment on such conviction is pronounced and forthwith transmit the same to the commissioner, who, if the license has not already been revoked, *must* make and enter an order revoking such license within ten days after the receipt of the license."

True it is that section 335-a of the Code of Criminal Procedure speaks of violations of the Vehicle and Traffic Law, but it is also clear that section 71-a of the Vehicle and Traffic Law draws within the orbit of section 335-a the offense with which petitioner was charged, at least for the regulatory purposes of sections 71 and 71-a. Section 71-a speaks of " an *offense under this article* with respect to which the revocation of his license to operate a motor vehicle or motor cycle is mandatory, *as provided in subdivision two of section seventy-one of this article* \* \* \*." Section 71, subdivision 2, lists the offenses for which *mandatory* revocation is provided. Included among such offenses is " (c) of a third or subsequent violation, committed within a period of eighteen months, of any provision of section fifty-six of this chapter or any other ordinance or regulation limiting the speed of motor vehicles and motor cycles." Thus such third violation is one of the *offenses under the article as provided in subdivision two of section seventy-one* as set forth in section 71-a.

The order should be affirmed, with costs, because of the failure of the police justice to comply with the provisions of section 335-a of the Code of Criminal Procedure.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Order affirmed.