In the Matter of the Application of Louis Nervo, Petitioner, for an Order Compelling Issuance to Him of an Automobile Operator's License, against Carroll E. Mealey, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, New York County, December 6, 1940.

*Mitchell D. Schweitzer,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [James S. Regan* and *Hyman Wank* of counsel], for the respondent.

McLaughlin, J. This is an application under article 78 of the Civil Practice Act, for an order directing that respondent restore to the petitioner his chauffeur's license and certificate of registration.

On February 14, 1938, petitioner pleaded guilty to driving while intoxicated, a violation of subdivision 5 of section 70 of the

Vehicle and Traffic Law. He was fined $100, and pursuant to subdivision 2 of section 71 of said law, the magistrate revoked his license. Respondent issued orders requiring proof of financial responsibility (Vehicle and Traffic Law, § 94-a) as a condition precedent to the issuance of a license to the petitioner and suspending the certificate of registration pending such proof. Respondent admits that the magistrate did not comply with section 335-a of the Code of Criminal Procedure, which requires that before a plea be accepted the defendant must be informed that upon conviction in addition to a penalty he is liable to the loss of his license and the suspension of his certificate of registration.

Respondent's objection to this proceeding under article 78 is not well taken. Subdivision 6 of section 71 of the Vehicle and Traffic Law states that, " Revocation or suspension hereunder shall be deemed an administrative act reviewable by the Supreme Court as such." We are not in accord with *People* v. *Cohen* (128 Misc. 29) wherein it is held that the review contemplated relates to suspension or revocation not upon a conviction. A review in such an instance could have been had without reference to the provision in subdivision 6.

There is no question but that this court in a proper case should direct the Commissioner to restore a license in a proceeding brought under article 78. That question has been definitely settled by the Court of Appeals in the case of *Matter of De Martino* v. *Mealey* (284 N. Y. 231).

In view of the present state of the law there is no question but that the Commissioner must restore the petitioner's license without any limitation whatsoever. By subdivision 6 of section 71 of the Vehicle and Traffic Law, as amended by Laws of 1940, chapter 677, effective April 21, 1940, it is provided: " No suspension or revocation of a license or certificate of registration shall be made because of a judgment of conviction if the suspending or revoking officer is satisfied that the magistrate who pronounced the judgment failed to comply with section three hundred and thirty-five-a of the Code of Criminal Procedure. In case a suspension or revocation has been made and the Commissioner is satisfied that there was such failure, he shall restore the license or certificate of registration or both as the case may be." Under this amendment, which qualifies section 94-a of the Vehicle and Traffic Law, it is mandatory that the Commissioner restore the license and certificate of registration no matter when revoked, for the use of the words " has been " or " some other expression denoting past time, is construed as retrospective, when constitutional difficulties do not forbid." (McKinney's Consolidated Laws, book 1, p. 74; *Matter of Anderson,* 178

N. Y. 416; *Meyer* v. *Halberstadt*, 44 Misc. 408; *Matter of Borup*, 102 App. Div. 262.) Since he admits the non-compliance by the magistrate with the Code of Criminal Procedure he must restore the license and certificate as the magistrate's failure vitiates the requirement of proof of financial responsibility as called for in section 94-a.

The respondent urges that the judgment of the magistrate is binding because it may not be attacked collaterally. The Magistrates' Court is an inferior court. (Inferior Criminal Courts Act, § 2.) It is admitted that the magistrate did not comply with the provisions of section 335-a of the Code of Criminal Procedure. Such a failure renders the judgment void. (*People* v. *Sutcliffe*, 255 App. Div. 299.) Moreover, a mere inspection of the record shows that the magistrate failed to obey the mandatory provision of law. Certainly it appears upon the face of the record that his judgment cannot stand up under collateral attack. (*People ex rel. Perkins* v. *Moss*, 187 N. Y. 410.) The test as to " whether a judgment is void or voidable is to be determined from an inspection of the record." (34 C. J. 514; *Matter of Doey* v. *Howland Co.*, 224 N. Y. 30; *Matter of Heinze*, 179 App. Div. 453; appeal dismissed, 222 N. Y. 530.) This judgment is void and, therefore, may be successfully attacked. Nor can it be successfully argued that the magistrate having acquired jurisdiction of the person and of the subject-matter, his judgment may not be collaterally attacked. It is quite clear that his action is void because he had no authority to take away this license. The rule is that this court can permit a collateral attack upon a judgment of another court even of plenary jurisdiction when it appears that that court had not the right or power to do the act complained of. Thus this court properly held that the Supreme Court of the District of Columbia did not have the power to strike out an answer of the defendant and attack the entry of judgment because of a contempt for failure to appear in court and pay a sum of money as ordered. (*Hovey* v. *Elliott*, 145 N. Y. 126; affd., 167 U. S. 409.)

The proposition is also well stated by the Supreme Court of the State of Colorado: " Jurisdiction, in its fullest sense, is not restricted to the subject-matter and the parties. If the court lacks jurisdiction to render or exceed its jurisdiction in rendering, the particular judgment in the particular case, such judgment is subject to collateral attack, even though the court had jurisdiction of the parties and of the subject-matter." (*People ex rel. Arkansas, etc.*, v. *Burke*, 72 Col. 486; 212 P. 837, 844.) It is the lack of power of the magistrate that renders his judgment void. " Nevertheless in the actual rendition of the judgment, the court must

remain within its jurisdiction and powers. For it is the power or authority behind a judgment, rather than the mere result reached, which determines its validity and immunity from collateral attack. A wrong decision made within the limits of the court's authority is error correctable on appeal or other direct review, but a wrong or for that matter a correct decision where the court in rendering it oversteps its jurisdiction and power is void and may be set aside either directly or collaterally." (1 Freeman on Judgments [5th ed.], p. 733.)

Motion is granted. Settle order.