In the Matter of the Application of THOMAS A. HUDSON, Petitioner, against CARROLL E. MEALEY, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.*

Supreme Court, Special Term, New York County, April 25, 1941.

*Wilzin & Halperin*, for the petitioner.

*John J. Bennett, Jr., Attorney-General*, for the respondent.

BENVENGA, J.   This is an application for an order vacating and setting aside two orders made by the respondent, the Commissioner of the Bureau of Motor Vehicles, revoking the privilege of the petitioner to operate a motor vehicle and suspending his right to have a motor vehicle registered in his name.

The question presented is whether the police justice before whom the petitioner was arraigned on a charge of leaving the scene of an accident without reporting the same, complied with the provisions of section 335-a of the Code of Criminal Procedure, which, so far as material, provides that, on arraignment of a person charged with a violation of the Vehicle and Traffic Law, the magistrate " must " inform the defendant that upon conviction he will be liable not only to a penalty, but that in addition, his license to drive a motor vehicle " may or must be suspended or revoked " in accordance with the provisions of law governing the charge involved.

---

* See, also, *People* v. *Spence* (176 Misc. 676.) —[REP.

Section 71 of the Vehicle and Traffic Law requires that, upon conviction of the offense of leaving the scene of an accident, to which the petitioner pleaded guilty, his license *must* be revoked. Accordingly, it was the duty of the police justice to inform the defendant of that fact. (*Matter of De Martino* v. *Mealey*, 284 N. Y. 231; *People* v. *Sutcliffe*, 255 App. Div. 299; *People* v. *Serences*, Id. 587; *Matter of Schapiro* v. *Mealey*, 175 Misc. 367; *Matter of Nervo* v. *Mealey*, Id. 952.)

Concededly, at the time of the arraignment and before the acceptance of the plea, the police justice warned the petitioner that, in addition to any other penalty that might be imposed, his license " might " be suspended or revoked in the event of his conviction of the crime charged; he did not inform the petitioner that his license " must " be suspended or revoked. There was, therefore, no compliance with the requirements of section 335-a of the Code of Criminal Procedure.

The motion is granted.    Settle order.