THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANCIS SPENCE, Appellant.

County Court, Oneida County, June 10, 1941.

*J. Willis Barrett*, for the appellant.

*Earle C. Bastow, District Attorney*, for the People.

HANAGAN, J. The defendant was convicted on April 2, 1941, in Justice's Court, town of Verona, Oneida county, on his plea of guilty to a charge of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law in that he had left the scene of an accident on April 1, 1941, without reporting as provided in said section. The court imposed a fine of ten dollars, which was paid. The return of the justice of the peace states that on his arraignment the defendant was informed of his rights. The return further sets forth as follows: " I also advised him that before he pleaded either guilty or not guilty I had a section of the law which I wished to read him. I then read to him Section 335-a, Code of Criminal Procedure. \* \* \* " It appears from the record that the defendant was not represented by counsel.

The defendant contends that the judgment of conviction should be vacated and set aside because the justice of the peace did not inform him before accepting a plea that upon conviction for the crime charged his license to drive a motor vehicle must be revoked as provided by section 335-a of the Code of Criminal Procedure. (Laws of 1940, chap. 610, effective June 1, 1940.)

Reference should be made to section 335-a of the Code of Criminal Procedure as it existed before the change effective June 1, 1940. This section then read as follows:

" § 335-a. Provisions applicable to pleas of guilty for violations of Vehicle and Traffic Law. The magistrate, after the arrest of a person charged with a violation of the Vehicle and Traffic Law, and before accepting a plea of guilty or entering a judgment of conviction pursuant thereto, must inform the defendant that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may be suspended or revoked." (Added by Laws of 1937, chap. 124, September 1.)

By the mandate of this section, the magistrate was required among other things to inform the defendant before he pleaded guilty that upon conviction his license to drive " may be suspended or revoked." The giving of such information was mandatory and the failure of the magistrate to comply with the law nullified the proceedings taken upon a plea of guilty and conviction entered

thereon required reversal. (*Matter of DeMartino* v. *Mealey*, 284 N. Y. 231; *People* v. *Sutcliffe*, 255 App. Div. 299; *People* v. *Serences*, Id. 587; *Matter of Ohmann* v. *Harnett*, 168 Misc. 521.)

The Legislature of 1940 amended section 335-a of the Code of Criminal Procedure effective June 1, 1940, to provide as follows:

" § 335-a. Provisions applicable to arraignments for violations of Vehicle and Traffic Law. The magistrate, after the arrest of a person charged with a violation of the Vehicle and Traffic Law, and before accepting a plea, must inform the defendant at the time of his arraignment that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may or must be suspended or revoked in accordance with the provisions of law governing the charge involved." (Added by Laws of 1937, chap. 124, September 1; as amd. by Laws of 1940, chap. 610, June 1 [cf. Laws of 1940, chap. 677].)

It is clear that this section placed an additional duty on the the magistrate. By this section the magistrate is required at the arraignment of the defendant and before accepting a plea of guilty or not guilty to inform the defendant, if the charge involved calls for permissive suspension or revocation of his license to drive, that upon conviction his license may be suspended or revoked. If the charge involved calls for a mandatory suspension or revocation, the magistrate is required at the arraignment and before accepting the plea, among other things, to inform the defendant that upon conviction his license to drive a motor vehicle must be suspended or revoked. The charge in this case was the violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law. Upon conviction of the charge the defendant's license to drive a motor vehicle must be revoked. (Vehicle and Traffic Law, § 71, subd. 2, cl. [b].) The mere reading of section 335-a of the Code of Criminal Procedure would not be a sufficient compliance with the law. The defendant would not know on conviction of the charge whether his license to drive *may* be suspended or revoked, or whether it *must* be revoked. By the clear direction of the statute, he is entitled to this specific information. He did not receive this information in this case at the time of his arraignment and before entering his plea.

The judgment of conviction is reversed, and a new trial is ordered.