In the Matter of FRANK McCORD, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Ulster County, September 15, 1943.

*Jules Ewig* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown and Herbert A. Einhorn* of counsel), for respondent.

MURRAY, J. Petitioner pleaded guilty on May 5, 1943, of violating subdivision 5 of section 70 of the Vehicle and Traffic Law in driving his automobile while intoxicated. He was fined in punishment for such misdemeanor fifteen dollars by Justice of the Peace Elmer O. Sturdevant, of Livingston Manor, Sullivan County, New York.

Thereafter, on the 26th day of June, 1943, his license to operate an automobile and his right to have a motor vehicle registered in his name were revoked by the Commissioner of the Bureau of Motor Vehicles of the State of New York.

Petitioner applies in this proceeding for an order under article 78 of the Civil Practice Act directing respondent, Clifford J. Fletcher, Commissioner of the Bureau of Motor Vehicles of the State of New York, to restore his license to operate an automobile and also his certificate of registration. The relief sought herein by petitioner is attacked by respondent on the ground that because petitioner failed to appeal from the judgment of criminal conviction, this court is without jurisdiction to entertain this application. Such objection by respondent is unsound and untenable. Subdivision 6 of section 71 of the Vehicle and Traffic Law provides explicitly that "Revocation or suspension hereunder shall be deemed an administrative act reviewable by the supreme court".

The Supreme Court has jurisdiction upon proper grounds to restore a revoked operator's license and certificate of registration. (*Matter of DeMartino v. Mealey,* 284 N. Y. 231.) Section 335-a of the Code of Criminal Procedure in substance provides that a magistrate, after the arrest of a person and

before accepting a plea of guilty of a violation of the Vehicle and Traffic Law, must inform such defendant that upon conviction not only will he be liable to a penalty, but that in addition thereto his license to drive a motor vehicle must be suspended or revoked " in accordance with the provisions of law governing the charge involved ".

Failure to comply with this section of the law renders the magistrate's judgment void and subject to " collateral " attack. (*Matter of Nervo* v. *Mealey*, 175 Misc. 952.) A justice of the peace has the right upon a plea of guilty of driving while intoxicated to take from a defendant his license to operate his automobile and to revoke such license. (Vehicle and Traffic Law, § 71.)

Prior to the enactment of section 335-a of the Code of Criminal Procedure, frequent instances of mistakes and injustice occurred when violators of subdivision 5 of section 70 of the Vehicle and Traffic Law were lulled into believing that upon pleading guilty to operating a motor vehicle while under the influence of intoxicating beverage, the imposition of a small fine would be the sole penalty of such offense. Many such violators were rudely awakened from such belief when later informed that no longer might they operate upon the public highways their motor vehicles within the State of New York. To remedy such evil, section 335-a of the Code of Criminal Procedure was enacted and now a magistrate is compelled to inform the accused definitely, before accepting a plea of guilty, of all the consequences which may or will follow conviction, and, further, the magistrate must inform the accused that a plea of guilty is equivalent to a conviction after trial.

Respondent concedes that upon conviction of the offense of driving an automobile while intoxicated, such conviction requires a mandatory revocation of such operator's license. No question of discretion is involved whatever. The license of the violator *must* be revoked and nothing less.

Section 335-a of the Code of Criminal Procedure is as follows: " The magistrate, after the arrest of a person charged with a violation of the vehicle and traffic law, and before accepting a plea, must inform the defendant at the time of his arraignment that upon conviction, not only will he liable to a penalty, but that, in addition, his license to drive a motor vehicle or motor cycle, or in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may or must be suspended or revoked in accordance with the provisions of law governing the charge involved, and must

expressly inform the defendant that a plea of guilty is equivalent to a conviction after trial.''

The charge against petitioner was that he violated subdivision 5 of section 70 of the Vehicle and Traffic Law, and the penalty prescribed for such a violation by subdivision 2 of section 71 of the Vehicle and Traffic Law is as follows: '' Mandatory suspensions and revocations. *Such licenses must be revoked and such certificates of registration may also be revoked where the holder is convicted * * * (b) of any violations of subdivision five,* five-a or eight of section 70 or an offense consisting of operating a motor vehicle or motor cycle while under the influence of intoxicating liquor where the conviction was had outside this state ''. (Italics supplied.)

While it is true that only a privilege and not a property right is granted to a person to operate an automobile upon the public highways, nevertheless, such license cannot be taken from him carelessly, capriciously or arbitrarily. The revocation of such a license may often deprive a person of the right to earn his living or follow his trade or profession. If he is a farmer, as is petitioner, he can no longer drive an automobile truck and take his milk to a creamery or milk station, or his crops or produce to market.

It is clear that paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law requires that upon conviction of the offense of operating a motor vehicle in an intoxicated condition the license of an operator so convicted *must* be revoked.

No words are more definite than those contained in section 335-a of the Code of Criminal Procedure that when a defendant is arraigned on the charge of driving an automobile while intoxicated the magistrate must tell him that on conviction his license to operate an automobile, in accordance with the provisions of paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law, must be revoked. However, in the case of an owner, it is the duty of the magistrate to tell him that the certificate of registration of the automobile may be suspended or revoked in accordance with the provisions of paragraph (b) of subdivision 2 of section 71. Operator's license must be revoked. Owner's certificate of registration may be suspended or revoked.

It is undisputed that the Justice of the Peace, Mr. Sturdevant, did not tell petitioner that upon conviction of the offense of driving his automobile while intoxicated his license to drive thereafter *must* be revoked. He was required to do so '' in accordance with the provisions of law governing the charge ''. (Code Crim. Pro., § 335-a.)

The fact that a very small fine of fifteen dollars was imposed as a sentence on such a serious charge as that of driving while intoxicated leads reasonably to the conclusion that petitioner honestly believed that such was the full penalty and that his operator's license would not be revoked. So far as revoking the certificate of registration of petitioner, the record is sufficient to warrant such action, but insofar as the revocation of petitioner's operator's license, the language of the Justice of the Peace that " in the event that he pleaded guilty, or in the event that he was convicted his license to operate a motor vehicle may or must be suspended or revoked " was plainly insufficient and incorrect and not in accordance with the provisions of the law governing the charge involved.

Even reading or stating the provisions of section 335-a to a defendant is not enough when as part of the penalty a defendant's license must be revoked. The language used is that defendant must be informed " in accordance with the provisions of law governing the charge involved "; in this case subdivision 5 of section 70 and paragraph (b) of subdivision 2 of section 71 of the Vehicle and Traffic Law.

The order of the Commissioner revoking petitioner's operator's license under the admitted facts was improper, and petitioner's motion for an order that his license to operate an automobile be restored is granted. His motion for an order that his certificate of registration be restored is denied.

Submit order.