In the Matter of WILLIAM M. BUSH, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles, Respondent.

Supreme Court, Special Term, Albany County, June 24, 1949.

*John H. Spain* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Irving I. Waxman* of counsel), for respondent.

TAYLOR, J. Petitioner applies in this proceeding for an order under article 78 of the Civil Practice Act directing respondent, Clifford J. Fletcher, Commissioner of the Bureau of Motor Vehicles, to restore his license to operate an automobile and also his certificate of registration.

Petitioner on the 15th day of July, 1948, after a plea of guilty to the violation of an ordinance of the City of Binghamton, New York, restricting the speed of automobiles was fined $5 by the City Judge of the City Court of that city. On February 16, 1949, the respondent notified the petitioner that pursuant to paragraph (c) of subdivision 2 of section 71 of the Vehicle and Traffic Law his operator's license was revoked and his certificate of registration was suspended because the petitioner had been convicted of a third violation committed within eighteen months of ordinances limiting the speed of motor vehicles.

The petitioner bases his right to the relief which he seeks upon the ground that the City Judge failed to comply with section 335-a of the Code of Criminal Procedure by omitting to inform him before accepting his plea of guilty that upon conviction not only would he be liable to a penalty but that in addition his license to drive a motor vehicle " may or must be suspended or revoked in accordance with the provisions of law governing the charge involved ".

The charge against the petitioner was that of speeding and it appears that such violation was his third committed within the period of eighteen months. Subdivision 2 of section 71 of the Vehicle and Traffic Law requires that a license to drive *must* be revoked where the holder is convicted " of a third or subsequent violation, committed within a period of eighteen months, of any provision of section fifty-six of this chapter any ordinance or regulation limiting the speed of motor vehicles and motorcycles or any provision constituted a misdemeanor by this chapter, but included in (a) or (b) hereof whether such three or more violations were repetitions of the same offense or were different offenses."

The affidavit of the City Judge annexed to the answer and return of the respondent states " That prior to the plea of guilty being interposed, deponent advised and informed the defendant that upon conviction, not only would he be liable to a penalty, but that in addition, his license to operate a motor vehicle must be *suspended,* and if he was an owner, his certificate of registration must be revoked, in the event that he had two prior speeding convictions against him within a period of

eighteen months ". (Emphasis supplied.) Thus it appears that the City Judge informed the petitioner that his license to operate a motor vehicle must be *suspended* upon his conviction. He should have informed him that his license must be *revoked*. There is a substantial difference between a suspension and a mandatory revocation of an operator's license. When the latter occurs, the Commissioner of Motor Vehicles cannot issue a new license for at least six months after such revocation. (Vehicle and Traffic Law, § 71, subd. 5.) There is no such provision in the statute with respect to a suspension. There was no compliance by the City Judge with the provisions of section 335-a of the Code of Criminal Procedure. (*Matter of McCord* v. *Fletcher,* 182 Misc. 447; *Matter of DeMartino* v. *Mealey,* 284 N. Y. 231; *Matter of Hudson* v. *Mealey,* 176 Misc. 696; *Matter of Nervo* v. *Mealey,* 175 Misc. 952.)

The order of the Commissioner of Motor Vehicles must be annulled and the petitioner's license to drive and his certificate of registration are restored.

Submit order accordingly.