In the Matter of THOMAS E. LAUBACK, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Onondaga County, September 27, 1951.

*George W. Cregg* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Herman H. Arkin* of counsel), for respondent.

MALPASS, J. This is a proceeding under article 78 of the Civil Practice Act in which the petitioner seeks an order annulling and canceling the order of the respondent revoking the petitioner's operating license and suspending petitioner's certificate of registration of his automobile.

It appears that the petitioner was convicted upon a plea of guilty of a violation of an ordinance of the Village of Camillus in that he drove his automobile in said village at a higher rate of speed than permitted by said ordinance. That said conviction occurred March 29, 1951. It also appears that the petitioner had previously been twice convicted of similar offenses within a period of eighteen months prior to March 29, 1951, which facts were known to the Police Justice at the time the petitioner was arraigned on March 29, 1951. Thereafter the respondent, as Commissioner of Motor Vehicles, revoked petitioner's operator's license and suspended the registration of the petitioner's automobile pending proof of financial responsibility.

The petitioner claims that his conviction on March 29, 1951, was illegal because of the fact that the Magistrate failed to properly inform the petitioner as to his rights and the punishment to which he would be subject in the event of being found guilty, as required by section 335-a of the Code of Criminal Procedure. This proceeding has been brought on pursuant to an order to show cause granted upon the verified petition of petitioner and an affidavit of his attorney setting forth alleged facts in support of the petition. It appears from the affidavit of petitioner's attorney that the Magistrate, at the time of the arraignment, read to the petitioner certain instructions contained in a book known as Dennis' Magistrates' and Justices' Manual. (1950 Cum. Supp., Vol. 1, p. 86.) The first instruction provides for the petitioner being informed of his rights to counsel and to an adjournment for the purpose of procuring same. The second instruction is as follows: " I must further inform you, before I accept a plea [of guilty] to this charge, that, upon conviction of this charge, you will not only be liable to a penalty, but that in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration if you have one, MAY be suspended or revoked in accordance with

the provisions of law governing this particular charge; and you are further informed that a plea of guilty by you is equivalent to a conviction after a trial."

The third instruction, which the Magistrate is alleged to have read to the defendant was as follows: " I must further inform you before I accept a plea to this charge, that, upon conviction on this charge, you will not only be liable to a penalty but that in addition your license to drive a motor vehicle or motor cycle MUST be revoked and your certificate of registration, if you have one, may be suspended or revoked, all in accordance with the provisions of law governing this particular charge; and you are further informed that a plea of guilty by you is equivalent to a conviction after trial."

The affidavit of petitioner's attorney further alleges that he examined the docket of the Magistrate and that entries therein showed the above procedure to have been followed by the Magistrate, who, the affidavit alleges, also informed petitioner's attorney that such procedure was followed. These allegations are undisputed although an affidavit of the Magistrate has been offered in opposition to the petition.

It is proper to examine the record of the Magistrate to determine what occurred at the time of the defendant's arraignment. The court may consider the record of the Justice upon this application. (*Matter of Nervo* v. *Mealey,* 175 Misc. 952, 954.) The information given by the Magistrate to the defendant might well have resulted in the confusion claimed by the petitioner as to whether or not his operator's license would be suspended or revoked. The law requires the Magistrate to give to the defendant unequivocal information and a reading of the provisions of the statute or instructions such as were read to the petitioner are insufficient. (*People* v. *Spence,* 176 Misc. 676; *Matter of Scott* v. *Fletcher,* 275 App. Div. 883; *People* v. *Sutcliffe,* 255 App. Div. 299; *Matter of Bush* v. *Fletcher,* 196 Misc. 134; *Matter of Hudson* v. *Mealey,* 176 Misc. 696.)

The failure of the Magistrate to properly inform the defendant at the time of the arraignment is established without regard to the allegations set forth in the petition. In addition to the facts set forth in the petition and the affidavit of petitioner's attorney, there is before the court the affidavit of the Magistrate before whom the conviction of the petitioner was had in which he states what occurred at the time of the arraignment. This affidavit is entirely silent as to any information given by the Magistrate as to the suspension or revocation of petitioner's

certificate of registration of his automobile although the law provides that such suspension or revocation might follow if petitioner was convicted. Section 335-a of the Code of Criminal Procedure requires that the Magistrate *must* inform a defendant " in the case of an owner, the certificate of registration of his motor vehicle or motor cycle, may or must be suspended or revoked ". Failure to so inform a defendant renders the conviction illegal. (*People* v. *Becker,* 184 Misc. 892.)

It appears from the petition that the petitioner has been employed as a traveling salesman for a number of years and that he drives an automobile in his work between 35,000 and 40,000 miles per year; that he has never had a serious automobile accident; that during the last eighteen years he has been employed by only two employers for whom he has worked continuously except for a period of two years when he served in the armed forces. The petition further shows that the revocation of his license and the suspension of his certificate of registration for his automobile seriously interferes with the earning of his livelihood and the undisputed facts support his contention that he was confused by the statements made by the Magistrate at the time of his arraignment and that he would not have entered a plea of guilty had the Magistrate proceeded in accordance with the provisions of law applicable thereto.

The prayer of the petitioner should be granted and an order entered annulling and vacating the order of the respondent revoking petitioner's operator's license and suspending his certificate of registration of his automobile.

An order in accordance with the foregoing may be entered herein, without costs.