In the Matter of GERTRUDE E. ECKERSON, Respondent, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Fourth Department, April 28, 1954.

Nathaniel L. Goldstein, Attorney-General (Alfred B. Silverman and Wendell P. Brown of counsel), for appellant.

Thomas M. Bowes for respondent.

McCurn, P. J. The petitioner-respondent while operating her automobile on a public highway in the town of Burns, Allegany County, in the early morning of August 15, 1953, became involved in a fatal accident. Shortly thereafter she was arrested and at about seven o'clock that same morning was arraigned before a justice of the peace of the town of Burns upon a charge of leaving the scene of an accident in violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law. She pleaded guilty and paid a fine of $100. Subsequently and on September 1, 1953, the Commissioner of Motor Vehicles revoked her operator's license pursuant to subdivision 2 of section 71 of the Vehicle and Traffic Law and suspended her motor vehicle registration pursuant to section 94-a of that law.

The petitioner thereupon instituted a proceeding under article 78 of the Civil Practice Act to review the determination of the Commissioner of Motor Vehicles. The Special Term made an order annulling the determination, and the Commissioner of Motor Vehicles now appeals from that order.

The appellant questions whether under the particular circumstances of this case the relief sought by petitioner is available in a proceeding under article 78. Here, the revocation of the operator's license became mandatory upon conviction. The appellant argues that the revocation therefore followed as a matter of course, so that there was no discretion or judgment involved on the part of the Commissioner of Motor Vehicles, and therefore nothing to review, and that petitioner's sole remedy is an appeal from the judgment of conviction. We do not agree with that contention. It is provided under subdivision 6 of section 71 of the Vehicle and Traffic Law that " Revocation or suspension hereunder shall be deemed an administrative act reviewable by the supreme court as such "; and it is further provided that " No suspension or revocation of a license or certificate of registration shall be made because of a judgment of conviction if the suspending or revoking officer is satisfied that the magistrate who pronounced the judgment failed to comply with section three hundred and thirty-five-a of the code of criminal procedure ".

The commissioner therefore may not automatically revoke upon a judgment of conviction. He must first determine that the magistrate complied with the provisions of section 335-a of the Code of Criminal Procedure. It is the commissioner's determination upon that question which the petitioner here seeks to review. The relief sought here is not from the judgment of conviction but from the determination of the Commissioner of Motor Vehicles. Article 78 of the Civil Practice Act provides an appropriate proceeding for that purpose. It has been resorted to without criticism in cases involving mandatory revocations (see *Matter of De Martino* v. *Mealey,* 284 N. Y. 231, and *Matter of Johnston* v. *Fletcher,* 300 N. Y. 470).

Concededly at the time of the arraignment and before the petitioner entered her plea of guilty, the justice of the peace read to her the provisions of section 335-a of the Code of Criminal Procedure. The question involved is whether or not a mere reading of the section is a sufficient compliance therewith. Section 335-a provides as follows:

" *Provisions applicable to arraignments for traffic violations.*

" The magistrate, after the arrest in this state of a resident of this state charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles, and before accepting a plea, must instruct the defendant at the time of his arraignment, in substance as follows:

" A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law."

The revocation of petitioner's operator's license became mandatory upon conviction (Vehicle and Traffic Law, § 71, subd. 2, par. [b]). Section 94-a of that law provides that upon revocation of an operator's license because of conviction the commissioner shall also suspend her registration certificate.

It is the petitioner's contention that section 335-a of the Code of Criminal Procedure contemplates that the magistrate shall specifically instruct the defendant whether upon conviction following a plea of guilty a suspension or revocation of either his operator's license or registration certificate or of both, is mandatory or merely permissive. In support of such contention petitioner relies upon reported decisions of the courts construing section 335-a as it existed earlier and prior to the amendment effective July 1, 1953 (see *Matter of Hudson* v. *Mealey,* 176 Misc. 696; *Matter of McCord* v. *Fletcher,* 182 Misc. 447; *Matter of Bush* v. *Fletcher,* 196 Misc. 134, and *Matter of Scott* v. *Fletcher,* 275 App. Div. 883). Likewise, it was not a sufficient compliance with the former statute for the magistrate to read the statute to the defendant (see *People* v. *Spence,* 176 Misc. 676, and *Matter of Lauback* v. *Fletcher,* 201 Misc. 602).

The former statute construed in the cases above mentioned provided (L. 1947, ch. 418): " The magistrate * * * must inform the defendant * * * that * * * his license to drive * * * or in the case of an owner, the certificate of registration * * * may or must be suspended or revoked in accordance with the provisions of law governing the charge involved ". The present statute (L. 1953, ch. 288) provides: " The magistrate * * * must instruct the defendant * * * in substance as follows: * * * If you are convicted * * * your license to drive a motor vehicle * * * and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law."

It is, of course, the design of both the former statute and the amended statute that the magistrate before accepting a plea should bring to the knowledge of the defendant the fact that a conviction following a plea of guilty is equivalent to a conviction after trial, and that such conviction may result in either mandatory or permissive revocation of his operator's license or certi-

ficate of registration, or both, in accordance with the provisions of law applying to the circumstances of the case. Court decisions construing the former statute have, as above indicated, placed the burden upon the magistrate to determine from the facts and circumstances and to correctly inform the defendant whether such revocation or suspension in his case would be mandatory or merely permissive. When the Legislature amended the statute it knew of the construction which the courts had placed upon the earlier statute, but nevertheless it directed that the defendant be instructed " in substance as follows ", omitting any instruction to the defendant as to whether such revocation or suspension would be mandatory or merely permissive in the case at hand. Having used the words " in substance as follows ", it seems unlikely that it intended to direct an instruction not included therein. Moreover, if it did so intend, it would have effected no change from the former statute and the amended legislation would become a useless act.

In construing the statute, we may have recourse to the circumstances under which it was enacted. A memorandum from the State Bureau of Motor Vehicles accompanied the proposal to the Legislature for the amended legislation (see New York State Legislative Annual 1953, p. 266). That memorandum called attention to the decisions of the courts which required the justice under the statute as it then existed to determine whether permissive or mandatory action with respect to operator's licenses and certificates of registration is to follow a plea of guilty, and to correctly advise the defendant before accepting his plea. The memorandum points out that in many instances the justice is not in as good a position as the defendant himself to determine whether the revocation or suspension comes within the mandatory or permissive category. The memorandum goes on to call attention to complications arising under paragraph (c) of subdivision 2 of section 71 of the Vehicle and Traffic Law where the revocation of a driver's license upon a third or subsequent conviction for speeding or any violation constituting a misdemeanor within a period of eighteen months is mandatory. It states that in such cases the information of the justice is inferior to that of the person involved. The memorandum concludes: " It seems that substantial justice can be done by providing for a uniform warning to be given in all cases. It would then be the responsibility of the defendant before making a plea to determine what action would follow as a result of any plea he might make and he would then be governed accordingly. It seems entirely

incorrect to place the burden upon the justice when he does not have adequate information before him to adequately and properly perform his judicial duties."

The amendment was enacted by the Legislature with full knowledge of prior court decisions and of the difficulties in administration as pointed out by the memorandum from the Bureau of Motor Vehicles. It appears to follow the recommendation for a uniform warning to be given in all cases. It outlines the substance of the instruction to be given to the defendant and in effect puts into the mouth of the magistrate the substance of the words to be used. As though speaking to the defendant it reads: " If *you* are convicted, not only will *you* be liable to a penalty, but in addition *your* license to drive a motor vehicle or motor cycle, and *your* certificate of registration * * *." (Emphasis supplied.)

We conclude that the Legislature by the enactment of the amendment in question intended to overcome the decisions of the courts placing the burden on the magistrate to determine and correctly inform the defendant whether mandatory or permissive action would follow his plea of guilty. The amended statute sets forth the substance of a uniform instruction and the justice in the present case fully complied therewith when he read to the defendant the exact words of the statute.

The order appealed from should, therefore, be reversed and the determination of the Commissioner of Motor Vehicles confirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order reversed on the law and determination of the Commissioner of Motor Vehicles confirmed, without costs.