In the Matter of ABE KLEIN, Appellant. SAMUEL A. LARNER, Respondent.— Appeal from an order denying appellant's motion to vacate a subpœna served upon him to take his testimony in this State in a proceeding pending in the State of New Jersey. Order affirmed, with $10 costs and disbursements. The motion is without merit. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ., concur. [See *post,* p. 1053.]

■

In the Matter of MORTIMER M. ROSS, Petitioner, against JAMES MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Article 78 proceeding, transferred to this court pursuant to section 1296 of the Civil Practice Act, to review a final determination of the Commissioner of Motor Vehicles suspending petitioner's driver's license for fifteen days, pursuant to paragraph (d) of subdivision 3 of section 71 of the Vehicle and Traffic Law, for habitual violations. Determination annulled, without costs. There is an absence of any proof in the record that petitioner had been warned of the consequences with respect to his operator's license, in conformance with section 335-a of the Code of Criminal Procedure, upon the two occasions when he pleaded guilty of speeding in New York City. Accordingly, the convictions for said offenses may not be used as grounds for suspension of his license. (*Matter of De Lynn* v. *Macduff,* 305 N. Y. 501; *Matter of De Martino* v. *Mealey,* 284 N. Y. 231.) Since, under the procedure adopted by respondent, the remaining convictions total five points, and respondent's own rule requires a minimum of six points in two years to constitute an operator a habitual violator, the determination herein was clearly erroneous, even if we assume that all said remaining convictions may be properly considered for purposes of license suspension. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ., concur.

■

In the Matter of WILLIAM F. WALQUIST, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Rent Administrator establishing the maximum rent for an apartment in a two-family house situated in Brooklyn. The apartment was always owner-occupied until it was rented to a tenant on December 1, 1952. Appellant, the owner of the premises, contends that the State Residential Rent Law does not apply to these accommodations by reason of section 14 of chapter 443 of the Laws of 1951 and section 2 of chapter 321 of the Laws of 1953, and that the Administrator has no power to establish maximum rent therefor. Special Term dismissed the petition on the merits. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ.