■  In the Matter of BERGE SELIAN, Respondent, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Appellant.— Appeal from an order granting respondent's application to annul the revocation of his motor vehicle operator's license and to direct the return of said license. Order reversed, without costs, and proceeding dismissed. The basis for the revocation of the license was that the respondent had been convicted, upon his plea of guilty, of operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law, § 70, subd. 5). Upon such conviction revocation was mandatory if the revoking officer was satisfied that the Magistrate who pronounced the judgment of conviction warned the respondent, in compliance with the requirement of section 335-a of the Code of Criminal Procedure, that upon such conviction his license was "subject to suspension and revocation as prescribed by law." (Vehicle and Traffic Law, § 71, subd. 2, par. [b]; § 71, subd. 6.) It was erroneous to base annulment of the revocation on the ground that the statutory warning was not given or that the certificate of the Justice of the Peace did not affirmatively show that the warning had been given, since the petition itself did not advance any such theory (*Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220, 225). Indeed, respondent admitted in his petition that he was warned (1) that if he pleaded guilty his license would be subject to revocation and (2) that an entry was made in the Justice's docket book that the warning was in the precise words set forth in the said section 335-a. The Justice of the Peace was not required to advise respondent that revocation was manda-

tory upon conviction. The warning in the actual words set forth in section 335-a was compliance with the requirement (*People* v. *Mason*, 307 N. Y. 570; *Matter of Eckerson* v. *Macduff*, 284 App. Div. 56). Furthermore, the proceeding was barred by reason of the fact that it was not commenced within four months after the revocation became final and binding (Civ. Prac. Act, § 1286). Nolan, P. J., Wenzel, Ughetta and Kleinfeld, JJ., concur; Beldock, J., concurs in the result.