In the Matter of EMILE W. ASTMAN, Appellant, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Fourth Department, May 9, 1956.

*Seymour Bernstein* for appellant.

*Jacob K. Javits, Attorney-General* (*Angelo S. Brindisi* and *James O. Moore, Jr.,* of counsel), for respondent.

BASTOW, J. The petitioner appeals from an order confirming the determination of the Commissioner of Motor Vehicles revoking petitioner's license to operate a motor vehicle because of a third violation of speeding within a period of eighteen months (Vehicle and Traffic Law, § 71, subd. 2, par. [c]).

The facts are not disputed. On April 23, 1953, petitioner was convicted of speeding in Yates County. Again on July 6, 1954, he was convicted of speeding in Ontario County. Both of these convictions were based upon pleas of guilt. It is conceded that on each of these occasions the Magistrate before whom the pleas were entered duly complied with the provisions of section 335-a of the Code of Criminal Procedure.

On August 4, 1954, petitioner was arraigned in Rochester City Court charged with speeding in violation of a city ordinance. A stenographic transcript of this proceeding appears

in the record. The petitioner was informed of his right to the services of an attorney but there was no compliance with section 335-a. The subject of petitioner's operator's license was not mentioned. A digest of what took place shows the salutary purpose to be served by compliance with section 335-a. In a colloquy between the court and petitioner the latter raised a question as to his guilt. The court fairly informed the petitioner of his right to a trial but finally petitioner said that a trial " will take up more time than what it is worth. I'll plead guilty." Thereupon, a fine of $25 was imposed. Later during the same court session the prosecutor informed the court that petitioner desired to withdraw his guilty plea and enter a plea of not guilty. This was done and subsequently defendant had a trial at which he was represented by counsel. He was convicted and fined $25.

It is undisputed that neither upon the arraignment nor at any other time during the proceeding was petitioner informed as required by section 335-a that " [a] plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law." There is no claim that petitioner was given the foregoing instructions by means of any printed statement upon a summons or ticket.

The sole question presented upon this appeal is whether there must be a compliance with this statutory provision not only in a case where a plea of guilty is entered but also in a case such as this, where the defendant pleads not guilty and has a trial. We conclude that the notice was required to be given upon the facts here presented. At the time of appellant's arraignment in August, 1954, section 335-a provided that " [t]he magistrate, *upon the arraignment* in this state of a resident of this state charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles, *and before accepting a plea,* must instruct the defendant *at the time of his arraignment* in substance as follows " (emphasis supplied). This clearly shows that the information must be imparted (a) upon the arraignment and (b) before accepting a plea.

If doubt remained it is dissolved by a study of the history of section 335-a. This provision was first enacted by chapter 124 of the Laws of 1937. It was entitled " *Provisions applicable to pleas of guilty for violations of vehicle and traffic law.*" The portion here material stated that " [t]he magistrate, after

the arrest of a person charged with a violation of the vehicle and traffic law, and *before accepting a plea of guilty or entering a judgment of conviction pursuant thereto,* must inform the defendant that upon conviction '' (emphasis supplied). Three years later this section was amended in such fashion that it was made clear that the information should be given upon arraignment and the limitation to its applicability to pleas of guilty was removed. The title of the section was changed to read '' *Provisions applicable to arraignments for violations of vehicle and traffic law.*'' The pertinent portion of the body of the section was amended to provide that '' [t]he magistrate * * * *before accepting a plea,* must inform the defendant *at the time of his arraignment* '' (emphasis supplied) (L. 1940, ch. 610).

Subsequently and prior to the date of appellant's arraignment the section was further amended (L. 1942, ch. 75; L. 1947, ch. 418; L. 1953, ch. 288; L. 1954, ch. 664, eff. April 13, 1954). The 1942 amendment further emphasized that the instruction must be given at the time of arraignment by adding the proviso that the defendant be expressly informed '' that a plea of guilty is equivalent to a conviction after trial.'' The 1954 amendment rearranged the language of the statute in the form heretofore quoted.

We are unimpressed with the contention of the respondent that this requirement is waived when a defendant enters a plea of not guilty and demands a trial. Shortly after the enactment of the statute it was held that the provisions thereof were mandatory and not merely directory (*People* v. *Sutcliffe,* 255 App. Div. 299). It was there said (p. 301) That '' [t]he whole aim and intent of the Legislature would be frustrated if the command to give the warning did not imply a prohibition not to do it.'' The respondent emphasizes that in this case the appellant was represented by counsel at the trial. In this litigious area we should not adopt one rule of law for the defendant who is represented by counsel and perhaps a different holding for the defendant who elects to have an immediate trial without an attorney. In the latter case the defendant would contend that if the instruction had been given he would have sought an adjournment and obtained counsel. '' Representation by counsel does not relieve the Magistrate of the duty of complying with the mandate of the statute.'' (*People* v. *Duell,* 1 N Y 2d 132, 135.) In passing it should be noted that at this term of court we have had occasion to consider this section in a different context. (See *Matter of Hubbell* v. *Macduff,* 1 A D 2d 407.)

*People* v. *Oboler* (276 App. Div. 908) is distinguishable. There the defendant was appealing from a judgment convicting him of operating a motor vehicle after his operator's license had been suspended. The record was silent as to whether or not there had been a compliance with section 335-a and the court relied in part upon the presumption of compliance. Moreover, an examination of the record on appeal discloses that at the outset of the trial defense counsel conceded that the defendant had been driving as charged while his operator's license was suspended. The presented defense went to the subject of mitigating circumstances affecting the extent of punishment to be imposed. The law does not deal in absurdities and a defendant who admits that his license has been suspended should not be permitted to complain because he was not warned that what has already taken place may happen in the event of a conviction.

The order appealed from should be reversed, and the determination of the Commissioner of Motor Vehicles annulled.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Order reversed, with $10 costs and disbursements, and determination annulled, and commissioner directed to restore petitioner's license.