In the Matter of GERTRUDE E. ECKERSON, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Allegany County, October 20, 1953.

*Thomas M. Bowes* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Alfred B. Silverman* of counsel), for respondent.

R. O'BRIEN, J. Application to review the proceedings of the Commissioner of Motor Vehicles and to set aside his orders of September 1, 1953, which revoke petitioner's motor vehicle operator's license and suspend her motor vehicle registration the State of New York, Respondent.*

The proceeding is brought pursuant to article 78 of the Civil Practice Act, and is authorized under the provisions of subdivision 6 of section 71 of the Vehicle and Traffic Law, which provides in part that: "Revocation or suspension hereunder shall be deemed an administrative act reviewable by the supreme court as such." Also that: "No suspension or revocation of a license or certificate of registration shall be made because of a judgment of conviction if the suspending or revoking officer is satisfied that the magistrate who pronounced the judgment failed to comply with section three hundred and thirty-five-a of the code of criminal procedure. In case a suspension or revocation has been made and the commissioner is satisfied that there was such failure, he shall restore the license or certificate of registration or both as the case may be."

Briefly, the facts herein are as follows: (a) the petitioner became involved in a fatal accident with her automobile on August 15, 1953, at about 12:15 A.M. on a public highway about one-half mile west of the village of Canaseraga in the town of Burns, Allegany County, New York; (b) she was arrested for leaving the scene of an accident and charged with violating subdivision 5-a of section 70 of the Vehicle and Traffic Law of New York State; (c) she was taken before a Justice of the Peace of said Town of Burns at about seven o'clock in the morning of August 15th for arraignment; (d) the Justice of the Peace read to her section 335-a of the Code of Criminal Procedure as hereinafter quoted; (e) she pleaded guilty to the charge as read to her, was convicted and fined $100 which she thereupon paid to said Justice of the Peace.

While the answer and return to the petition contains various admissions and denials of the allegations of the petition, it is conceded that the sole issue before this court for determination is whether or not the Justice of the Peace complied with the provisions of section 335-a of the Code of Criminal Procedure in the proceedings held before him when the petitioner was convicted on her plea of guilty, as aforesaid.

Said section 335-a was amended by chapter 288 of the Laws of 1953 (eff. July 1, 1953) and now reads:

"§ 335-a. *Provisions applicable to arraignments for traffic violations.* The magistrate, after the arrest in this state of a resident of this state charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles, and before accepting a plea, must instruct the defendant at the time of his arraignment in substance as follows: A plea of guilty to this charge

is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.''

Insofar as compliance with section 335-a is concerned, all the Justice of the Peace did at the time of the arraignment and before the plea was entered herein, was to read to the petitioner the above-quoted section 335-a.

The petitioner claims that the mere reading of the words of the statute is not a compliance with its provisions. She claims that the Justice of the Peace was mandated by that statute to instruct and inform her, before she entered a plea to the charge, that upon conviction, her license to operate a motor vehicle must be revoked, and her certificate of registration might be revoked or suspended, and further that if she pleaded '' guilty '' to the charge, it would be equivalent to being convicted after a trial.

The respondent claims that the statute as it was amended effective July 1, 1953, overcame all the prior decisions of the courts on the subject and that now a mere reading of its words constitutes compliance with its provisions. Thus the contentions of the parties make a clear cut issue for this court to decide. An examination of subdivision 2 of section 71 of the Vehicle and Traffic Law reveals that a license to drive a motor vehicle '' must be revoked    *    *    *    where the holder is convicted '' of a violation of subdivision 5-a of section 70 (leaving scene of accident without reporting, etc.).

Subdivision 3 of said section 71 provides that upon conviction, a license to operate and a certificate of registration '' may be suspended or revoked '' for a violation of said subdivision 5-a of section 70.

There is no dispute but that in our case, the Commissioner of Motor Vehicles acted solely upon the evidence of the petitioner's conviction which had been transmitted to him by the Justice of the Peace.

Neither the commissioner's order revoking the petitioner's driver's license, nor his order suspending her registration certificate, can be sustained if her said conviction is void.

Research does not reveal any reported decision construing the amendment of section 335-a which became effective July 1, 1953. There are numerous decisions of various courts of this State construing the acts of a Justice of the Peace in relation to the provisions of said section prior to said amendment.

Upon the very issue involved in this case, the courts held that the mere reading of the words of the former statute did not constitute compliance with its mandate. (*Matter of McCord* v. *Fletcher,* 182 Misc. 447, 451; *People* v. *Spence,* 176 Misc. 676; *Matter of Lauback* v. *Fletcher,* 201 Misc. 602, 604.) As the court said in *Matter of McCord* v. *Fletcher* (*supra,* p. 451): '' Even reading or stating the provisions of section 335-a to a defendant is not enough when as part of the penalty a defendant's license must be revoked.'' The language of the statute then under consideration was that the defendant must be informed '' that upon conviction * * * his license to drive * * * or the certificate of registration * * * may or must be suspended or revoked in accordance with the provisions of law governing the charge involved '', and the court held that this language mandated the Justice to inform the defendant that the '' law governing the charge involved '' was the section of the Vehicle and Traffic Law which mandated a revocation of the license if the motorist was convicted of its violation.

While the amendment of July 1, 1953, changed some of the wording of the statute, it did not remove any of the mandated duties to be performed by the magistrate, in order to acquire jurisdiction of the defendant. On the contrary, while the former statute only required the magistrate to *inform* the defendant of the effect of a conviction, the present statute requires him to *instruct* the defendant concerning the same. Webster's New International Dictionary (2d ed.) defines '' inform '' as '' imparting '' or '' communicating knowledge '', with '' apprise '' as a synonym, while '' instruct '' means '' give special knowledge or information * * * furnish with directions '' and the words '' educate '' and '' indoctrinate '' are given as synonyms.

The deliberate changing of the word '' inform '' to the word '' instruct '' in the new statute clearly indicates an intention on the part of the Legislature to require the magistrate to do something more than merely call the statute to the attention of a defendant. It connotes an intention to point out to the defendant that in this particular instance her plea of guilty would be the same as being convicted after a trial and that such conviction made it mandatory under the Vehicle and Traffic Law to revoke her license to operate her auto.

The Justice of the Peace was required by said section 335-a to instruct the petitioner upon her arraignment and before accepting a plea, that if she were convicted either on a plea of guilty or after a trial, such conviction made it mandatory

to revoke her license. This instruction the Justice of the Peace failed to give.

In view of my conclusions, I believe it necessary to discuss briefly the opinion of the Court of Appeals in *Matter of De Lynn* v. *Macduff* (305 N. Y. 501). It appears that De Lynn had pleaded guilty on three different occasions within twenty-two months to speeding, in violation of New York City Traffic Regulations. The Commissioner of Motor Vehicles, after a hearing, and solely upon the evidence of said three convictions, suspended De Lynn's operator's license under the provisions of paragraph (d) of subdivision 3 of section 71 of the Vehicle and Traffic Law. This section permits such action for " habitual or persistent violation of * * * any * * * regulation made by local authorities in relation to traffic ". Thus the court had before it for consideration, the question of whether the three alleged violations which, if they had occurred within a period of eighteen months would have mandated a revocation of the driver's license under paragraph (c) of subdivision 3 of section 71 of the Vehicle and Traffic Law, could support the commissioner's ruling that such convictions having occurred within a period of twenty-two months constituted proof of " habitual or persistent " violations which permitted a suspension of said license under paragraph (d) of subdivision 3 of section 71 of said Vehicle and Traffic Law.

The court resolved this question against the petitioner and then proceeded to discuss his contention that no warning, as required by section 335-a of the Code of Criminal Procedure, had been given to him upon any of the three occasions when he was convicted for said traffic violations, on his pleas of guilty, as aforesaid.

The court resolved this issue in favor of the petitioner, stating among other things in its opinion that the solution to the problem of when a magistrate must give the warning specified in section 335-a of the Code of Criminal Procedure, is thus to be found by determining whether the magistrate is empowered, in the particular case, to suspend or revoke the defendant's license. Then, continues the court (p. 506): " If so empowered, the magistrate is under a duty to inform the defendant that, upon conviction, his license ' *may or must* ' be suspended or revoked." If the foregoing suggested test were applied to our case, the Justice of the Peace would not be required to give the warning specified in said section 335-a for the reason that the power to revoke or suspend drivers' licenses and owners' certificates of registration is not given to a Justice

of the Peace of a town under subdivision 1 of section 71 of the Vehicle and Traffic Law. While a Justice of the Peace is a magistrate by specific direction of the Code of Criminal Procedure (§ 147, subd. 5), the power to suspend or revoke drivers' licenses and owners' certificates of registration under section 71 of the Vehicle and Traffic Law is given only to " Any magistrate or judge, in a city, or in a village of the first class ".

In view of the purpose and intent of section 335-a of the Code of Criminal Procedure and in view of the fact that a Justice of the Peace is a magistrate, as aforesaid, and thus mandated by the Legislature to instruct the defendant as therein directed, it is my conclusion that the foregoing discussion in the *De Lynn* case on the point in question, if not obiter, should be confined to the facts under consideration therein and is not applicable to our situation.

If a magistrate outside of a city or village of the first class were not obliged to give the warning under said section 335-a which is required of a magistrate in a city or village of the first class, it would defeat the purpose of the section.

This section was added to the Code by chapter 124 of the Laws of 1937.

Its purpose is very well expressed in *Matter of Ohmann* v. *Harnett* (168 Misc. 521) which was decided in 1938. There the court states (p. 524): " It is a matter of common knowledge that prior to the enactment of this amendment to the Code of Criminal Procedure injustices occurred throughout this State when persons were arrested for infractions of the regulations of the Vehicle and Traffic Law, upon being advised by magistrates that there would be a small fine upon a plea of guilty, would plead guilty and pay their fine as the easiest way out and go upon their way, only to find later that their licenses were revoked. It was to correct this great evil that section 335-a was enacted. Its language is definite, clear and explicit, and it is mandatory."

In view of the purpose of the statute and in view of the failure of the Justice of the Peace to instruct the petitioner as required by said section 335-a, it is my opinion that her conviction cannot be used as a basis for the issuance of the orders of revocation and suspension herein by the Commissioner of Motor Vehicles.

Prepare order in accordance with this opinion.