THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ALBERT FRANCIS MASON, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* WILLIAM MARTIN ROSE, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* JOSEPH A. SMITH, Respondent.

Argued October 5, 1954; decided November 18, 1954.

*Charles E. Bowers, District Attorney* (*Roger W. Daniels* of counsel), for appellant. I. The County Court's finding that defendant was not properly warned pursuant to section 335-a of the Code of Criminal Procedure was erroneous. (*Matter of Eckerson* v. *Macduff*, 284 App. Div. 56; *Matter of Bentley* v. *Macduff*, 205 Misc. 454.) II. The County Court was without authority to discredit the return of the Justice of the Peace. The return was conclusive, not only upon the People and defendant, but also upon the court. (*People* v. *Helmes*, 144 Misc.

695; *People v. Decker*, 156 Misc. 156; *People v. Newman*, 137 Misc. 267; *People v. Fuchs*, 71 Misc. 67; *People v. Scutt*, 160 Misc. 25; *People v. Chambers*, 189 Misc. 502; *People v. Freer*, 171 Misc. 478; *People v. Jackson*, 191 Misc. 457.) III. In the first and second above-entitled actions the County Court's finding that the blood test given to the defendant was illegal was erroneous. (*People v. Decker*, 156 Misc. 156; *People v. Hildebrandt*, 16 Misc. 195; *People v. Fuchs*, 71 Misc. 67; *People v. Soloman*, 57 Misc. 288; *People v. Giles*, 152 N. Y. 136; *People v. Scherno*, 140 App. Div. 95; *People v. Jewett*, 69 Hun 550; *People v. Robarge*, 142 Misc. 457, 235 App. Div. 896; *People v. Dennis*, 132 Misc. 410; *People v. Helmes*, 144 Misc. 695; *People v. Napiorkowski*, 197 Misc. 74.) IV. The assertions of other errors in defendants' affidavits are without merit. (*People v. McGann*, 43 Hun 55; *People v. Parker*, 69 Hun 130; *People v. Loomis*, 65 Misc. 156; *People v. Newman*, 137 Misc. 267; *People v. Hildebrandt*, 16 Misc. 195; *People v. Cook*, 45 Hun 34; *People v. Luczak*, 10 Misc. 590.) V. In the third above-entitled action the County Court's finding that defendant was not notified of his right to counsel was erroneous. (*People v. Helmes*, 144 Misc. 695; *People v. Decker*, 156 Misc. 156; *People v. Newman*, 137 Misc. 267; *People v. Fuchs*, 71 Misc. 67; *People v. Scutt*, 160 Misc. 25; *People v. Chambers*, 189 Misc. 502; *People v. Freer*, 171 Misc. 478; *People v. Jackson*, 191 Misc. 457.) VI. In the third above-entitled action the County Court's finding that defendant was not properly informed of his right to bail was erroneous. (*People v. Giles*, 152 N. Y. 136; *People v. Scherno*, 140 App. Div. 95; *People v. Jewett*, 69 Hun 550; *People v. Robarge*, 142 Misc. 457, 235 App. Div. 896; *People v. Dennis*, 132 Misc. 410; *People v. Helmes*, 144 Misc. 695; *People v. Napiorkowski*, 197 Misc. 74.)

*Allan L. Gurley* for respondent in first above-entitled action. I. The Justice of the Peace failed to advise defendant that his operator's license *must be suspended or revoked* on conviction of the crime of driving an automobile while in an intoxicated condition. (*People v. Spence*, 176 Misc. 676; *Matter of McCord v. Fletcher*, 182 Misc. 447; *Matter of Hudson v. Mealey*, 176 Misc. 696; *Matter of Nervo v. Mealey*, 175 Misc. 952; *Matter of Lauback v. Fletcher*, 201 Misc. 602; *Matter of Bush v. Fletcher*,

196 Misc. 134.) II. The Supreme Court of the State of New York recently has held that the provisions of section 71-a of the Vehicle and Traffic Law are violative of the constitutional requirements of due process, and, therefore, that said section is unconstitutional and void. A blood test of defendant, pursuant to said section, constitutes a reversible error. (*Matter of Schutt* v. *Macduff*, 205 Misc. 43.)

*James R. Ingram* and *Allan L. Gurley* for respondent in second above-entitled action. I. The Magistrate failed to advise defendant that upon conviction of the crime charged that his operator's license *must be suspended or revoked*. II. The blood test of defendant was improper, illegal and constituted a reversible error. III. The question of jurisdiction of a magistrate or court can always be raised on appeal, even though not previously raised in the court below.

*James J. Crowley* for respondent in third above-entitled action. I. The County Court's findings that defendant was insufficiently informed of his legal rights as to counsel, adjournment and bail were not erroneous. (*People* v. *Palmer,* 296 N. Y. 324; *People* v. *McLaughlin,* 291 N. Y. 480.) II. The Justice failed to properly inform defendant as to his rights and the punishment to which he would be subject in the event of being found guilty, as required by section 335-a of the Code of Criminal Procedure.

DYE, J. In each of the within cases the People appeal by permission from orders of the County Court, St. Lawrence County, reversing in each instance a judgment of a Court of Special Sessions convicting each defendant of operating an automobile while intoxicated, a misdemeanor in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. The cash fines that had been imposed and paid were remitted and the respective operator's licenses restored. While the informations were not dismissed in so many words, it is clear that no further proceedings were contemplated. The appeals are deemed properly here (Code Crim. Pro., §§ 519, 520, subd. 3; Cohen and Karger, Powers of the New York Court of Appeals, pp. 728–729).

The appeals, although arising out of different circumstances and occurring at different times, present the same or similar questions of law, namely, whether the County Court, St. Lawrence County, erred as a matter of law in discrediting the Magistrate's return as to proceedings had on arraignment.

For brevity and convenience, it can be said that the affidavits on appeal assigned substantially the same errors on arraignment such as failure of the Magistrate to accord and advise defendant of his legal and constitutional rights to counsel, method of. trial — whether by jury or by the court — and his right to adjournment for purposes of removing the case to the grand jury as well as for failure to instruct the defendant in the manner prescribed by section 335-a of the Code of Criminal Procedure (L. 1937, ch. 124, as amd. by L. 1953, ch. 288), and that blood tests taken without consent of Smith and Rose were illegal (Vehicle and Traffic Law, § 71-a).

The respective Magistrates filed returns in each appeal definitely meeting and controverting the allegations of error assigned in the affidavits; nonetheless, the County Court chose to credit the allegations of the affidavits and accepted them as a basis for the reversal. In so doing, it erred as a matter of law. In dealing with these appeals the County Court was not faced with a problem of credibility, but with a consideration of such legal errors as appeared in the returns (Code Crim. Pro., §§ 756, 763). It was without power to discredit the returns as filed. When the appellant submitted his appeal without having previously pointed out wherein the return — as filed — was defective, he must be deemed to have admitted its sufficiency and correctness (Code Crim. Pro., §§ 757–758). Here, no such application having been made, the Magistrate's return as filed in each instance was conclusive as to all controverted matters within the Magistrate's knowledge, not only on the County Court but on the defendant and the People as well.

According to the returns, the provisions of section 335-a were sufficiently complied with when Mason and Rose were respectively instructed that upon conviction their drivers' licenses " would be suspended or revoked as prescribed by law ", since the statute in that regard uses the phrase " are subject to suspension and revocation " and were complied with as to Smith when the statute was not only read to him but also explained

(cf. *Matter of Eckerson* v. *Macduff,* 284 App. Div. 56, revg. 204 Misc. 698; *Matter of Bentley* v. *Macduff,* 205 Misc. 454).

The alleged illegality of the blood test taken pursuant to section 71-a of the Vehicle and Traffic Law without the consent of Smith or Rose poses no question for review. Such tests were not used or relied on to sustain the judgment of conviction. That depended on defendant's plea of guilty, which plea, by well-established practice and authority, admits the allegations of the information rendering further proof of such allegations unnecessary and immaterial (*People ex rel. Carr* v. *Martin,* 286 N. Y. 27), including the locale of the crime (*People* v. *Fosella,* 304 N. Y. 667; *People* v. *Harmor,* 185 Misc. 596). The information having charged a misdemeanor, the defendant's plea of guilty rendered it unnecessary for the Magistrate to inform defendant as to alternate methods of trial.

The orders of the St. Lawrence County Court are reversed and the judgment of conviction affirmed as to each defendant.

In each case: The order of the County Court should be reversed and the judgment of the Court of Special Sessions reinstated.

LEWIS, Ch. J., CONWAY, DESMOND, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Orders reversed, etc.