Froessel, J.
Defendant, a licensed chauffeur for 22 years, was convicted in the Police Justice Court, Village of East Aurora, upon a plea of guilty to driving while intoxicated (Vehicle and Traffic Law, § 70, subd. 5), and fined $25. The County Court, relying upon People v. Marincic (2 N Y 2d 181) reversed the conviction upon the ground that the Police Justice did not sufficiently comply with section 699 of the Code of Criminal Procedure because, quoting from Marincic, that defendant was not “ given areal opportunity to get counsel and to take his advice and aid ’ ’.
The Marincic case, however, is not controlling here. There, where a transcript of the proceedings was available, the City Court Judge advised the defendants, two 16-year-old girls, of their right to counsel in a petit larceny case, but immediately thereafter, without giving them an opportunity to answer, asked: “ How do you plead? ”, and then took their guilty pleas. He thereafter committed them, despite the fact that the prosecutor called his attention to the fact that “ These girls are not represented by counsel ”. In the present case, where no transcript of the proceedings appears to have been available, no such facts are shown in the record before us.
Here defendant merely states in paragraph 5 of his affidavit of errors that “ he did not have the benefit of counsel ”, and alleges generally in paragraph 9 that ‘ ‘ he was not fully advised of his rights in the situation ’ ’. The return of the Police Justice indicates that defendant was informed of all his rights, including the right to counsel, and that he was instructed, pursuant to section 335-a of the Code of Criminal Procedure, of the consequences of pleading guilty, including the fact that his license was subject to revocation. If defendant was not given an adequate opportunity to secure counsel, he was required to make such an allegation in his affidavit (Code Grim. Pro., § 751) as *73 did defendants in the Marincic case. The Police Justice need not respond to matters not raised in the defendant’s affidavit (Code Grim. Pro., § 756).
The return of a Magistrate or Police Justice — in the absence of defendant’s motion to correct alleged defects therein (Code Crim. Pro., §§ 757, 758) —is “ conclusive as to all controverted matters within the Magistrate’s knowledge, not only on the County Court but on the defendant and the People as well” (People v. Mason, 307 N. Y. 570, 574). The County Court was thus in error in refusing to credit the return (People v. Mason, supra).
The order of the County Court should be reversed, and the conviction and fine reinstated.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Voorhis and Burke concur.
Order reversed and judgment of the Police Justice Court of the Village of East Aurora reinstated.