Lafayette W. Argetsinger, Jr., J.
The defendant, Joseph James McDonald, was arrested on August 21, 1959, without a warrant by the Schuyler County Sheriff’s department and charged with driving while intoxicated in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, following an accident in which defendant’s vehicle, operated by himself, collided with another.
Defendant was taken before Hon. William N. Ellison, Justice of the Peace of the Town of Dix, Schuyler County, and arraigned on the charge. The defendant thereupon pleaded guilty to the charge and was fined the sum of $50.
Thereafter, and within the statutory period, the defendant appealed his conviction to this court. The return of the Justice of the Peace was filed with the County Clerk. The argument of the appeal was held on May 12, 1960, before this court.
The defendant-appellant raises the following issues:
1. The alleged conviction of the defendant, if any, was by the Police Court of the Village of Watkins Glen, New York;
2. Defendant was not convicted by the Police Court of the Village of Watkins Glen, New York, nor by the Justice’s Court of the Town of Dix;
3. Failure to advise defendant on arraignment that a plea of guilty was equivalent to conviction after trial, and/or failure to *667 inform, defendant that his license might be revoked or suspended if he pleaded “ guilty ”, are violations of the Code of Criminal Procedure which render the alleged conviction a nullity;
4. The failure to inform defendant of a reasonable adjournment for the purpose of securing counsel renders the conviction a nullity;
5. The information does not state facts sufficient to charge defendant with the commission of a crime and is otherwise defective;
6. The unnecessary delay in the arraignment of the defendant violated defendant’s rights and vitiated the alleged judgment of conviction.
With respect to points numbers 1 and 2, the court finds that there was a conviction of this defendant-appellant by the Justice of the Peace Court of the Town of Dix, Schuyler County, New York, and that a proper return was filed by said Justice of the Peace, William N. Ellison, with the Schuyler County Clerk.
With respect to points 3 and 4, the court has examined the return of the Justice of the Peace and finds that there was no failure on the part of said Justice of the Peace to properly and adequately advise the defendant as to the effect of a plea of “guilty” and of his legal rights with respect to securing counsel and having a reasonable adjournment for that purpose. The return of the Magistrate in this case has not been challenged and the presumption of regularity becomes conclusive and is not open to challenge upon the hearing of this appeal.
In People v. Mason (307 N. Y. 570 [1954]) the Court of Appeals held in a case involving operating an automobile while intoxicated that the County Court erred as a matter of law in crediting allegations of affidavits on appeal where the Magistrates filed returns which controverted such allegations, stating that the Magistrates’ returns were conclusive as to all controverted matters within their knowledge. The court stated that ‘ ‘ When the appellant submitted his appeal without having previously pointed out wherein the return — as filed — was defective, he must be deemed to have admitted its sufficiency and correctness * * * Here, no such application having been made, the Magistrate’s return as filed in each instance was conclusive as to all controverted matters within the Magistrate’s knowledge, not only on the County Court but on the defendant and the People as well.”
In point number 5 of the brief of the defendant-appellant, it is argued that the information does not state facts sufficient to charge the defendant with the commission of a crime and is otherwise defective.
*668 While it is true that the information does fail to state that the section of law violated is contained in the Vehicle and Traffic Law, it does state specifically that the defendant was driving while intoxicated and does state the section of said law which applied to driving while intoxicated. The court does not consider this to be a fatal defect which would justify setting aside a conviction. Furthermore, the information does state in particularity the observations made by the Deputy Sheriff who made the information. It reads as follows: ‘1 That one Joseph James McDonald on the 21 day of Aug., 1959, at the Glen Motor Court, in the Town of Beading, County of Schuyler, N. Y., at about 7:30 o ’clock in the afternoon of said day, did commit the crime of Driving While Intoxicated, in violation of Sec. 70 Subdiv. 5 of the State of New York against the person or property of the People of the State of New York by *feloniously, wrongfully, unlawfully, wilfully and knowingly did at said time and place drive a Chevrolet Sedan by backing from the Glen Motor Court Parking Lot into a 1959 Opel. Defendant’s speech was thick, incoherent, his breath smelled of alcohol and his eyes were glassy. He staggered and was unsteady on his feet.”
While it is true that the information in this case was partly based on information and belief, the statements contained therein with respect to the appearance and conduct of the defendant were based on the actual observations and knowledge of the informant.
In this case the arrest was made without a warrant in accordance with the provisions of subdivision 5-c of section 70 of the Vehicle and Traffic Law and this violation was coupled with an accident in which the defendant was charged with being the driver of one of the vehicles involved in the collision. In a situation of this kind the information is used as a pleading only and not as the basis for granting jurisdiction.
In the case of People v. Belcher (302 N. Y. 529, 533-534) (this being also a case of driving while intoxicated and a violation of the same section of law) the court says: “In misdemeanor cases prosecuted in courts of special sessions outside of New York City, the same information often serves both as the basis for the issuance of the warrant upon which the defendant is arrested and as the pleading on which the defendant is thereafter tried. Where an information is employed to obtain a warrant of arrest, it may not rest on hearsay, but must set forth — or be supported by one or more depositions setting forth— facts, stated under oath by a person competent to testify about them, or other proper evidence, tending to show the commission *669 of a crime and the defendont’s probable guilt. (See Code Crim. Pro., §§ 148-150; see, also, People ex rel. Perkins v. Moss, 187 N. Y. 410; People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 390-391.) If, in such a case, the information is based solely on inadmissible hearsay, the defendant is entitled to a dismissal of the proceeding. (See People v. Bertram, supra, 302 N. Y. 526; People v. Smith, 266 App. Div. 57; Matter of Bennett, 258 App. Div. 368.) The situation is different, however, where, as here, the trial court acquired jurisdiction of the person of the defendant by a valid arrest, lawfully made without a warrant. The information then serves only the function of a pleading — at least where no question is raised as to the authority of the court to commit the defendant pending trial on the basis of the information. (Cf. People ex rel. Farley v. Crane, 94 App. Div. 397.) ”
The defendant-appellant also raises the question of jurisdiction of the Justice’s Court in the Town of Dix in view of the fact that the crime was committed in the Town of Beading. The arrest occurred in the evening and the Justice before whom the defendant was arraigned was the nearest available Justice at that time and both the Town of Beading and the Town of Dix are in Schuyler County and adjacent to each other.
The argument by the defendant-appellant in point 6 of his brief that the unnecessary delay in the arraignment of the defendant violated defendant’s rights and vitiated the alleged judgment of conviction, contends that an arraignment “ some three hours after defendant was arrested ” is an unnecessary delay and in violation of defendant’s right to be immediately arraigned. During this delay of from one to three hours, the defendant was not locked up but was in the Justice’s Court. It is the opinion of this court on appeal that this does not constitute a delay of the arraignment sufficient to violate the rights of defendant to have an immediate arraignment under section 699 of the Code of Criminal Procedure.
The Justice’s return and docket indicate that this defendant was granted all of his legal rights under the law and was properly advised of his rights and advised of the effect of a conviction on the charge laid against him as required in section 335-a of the Code of Criminal Procedure. The conviction is accordingly affirmed.