THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY HABEL, ARTHUR McGOVERN, KENNETH BURKARD, JULIO RODRIGUEZ and MORGAN SEIFERT, Appellants.

First Department, March 29, 1966.

*Raymond W. Bergan* of counsel (*Henry Mayer, Abraham Weiner* and *Jerome Wenig* with him on the brief; *Mayer, Weiner & Mayer* and *Williams, Wadden & Stein,* attorneys), for Henry Habel and others, appellants.

*Victor Rabinowitz* of counsel (*Leonard B. Boudin* and *Arthur Schutzer* with him on the brief; *Rabinowitz & Boudin,* attorneys for Morgan Seifert; *Samuel A. Neuberger,* attorney for Kenneth Burkard), for Morgan Seifert and another, appellants.

*John J. McAvoy,* co-operating attorney, New York Civil Liberties Union, *amicus curiæ.*

*Michael Juviler* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* After the trial court denied a motion by defendants to suppress evidence of conversations obtained pursuant to eavesdropping orders issued under section 813-a of the Code of Criminal Procedure, each defendant, with the permission of the court, withdrew his plea of not guilty and pleaded guilty to the crime of conspiracy to commit the crime of assault in the third degree, a misdemeanor, under the first count of the indictment, the plea to cover the entire indictment. Following these pleas, judgments of conviction were entered on July 23, 1965, on which date an order was also entered implementing the previous denial of the motion to suppress. The People urge that the appeals taken from these dispositions should be dismissed on the ground that in the absence of a permissive statute a plea of guilty " poses no question for review " (*People* v. *Mason,* 307 N. Y. 570, 575). Defendants submit that such a statute is found in section 813-c of the Code of Criminal Procedure.

The type of motion to which section 813-c applies, and the denial of which " may be reviewed on appeal from a judgment of conviction notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty," is a motion for the return of " property, papers or things " obtained by an unlawful search and seizure, or for the suppression of their use as evidence. Eavesdropped conversations are not within the literal scope of section 813-c (*People* v. *Laverne,* 14 N Y 2d 304, 309–310). While it is argued, not without some force, that the section is sufficiently elastic to allow suppression of tape recordings procured as a consequence of an initial trespass, we may not overlook that title II-A of part VI of the Code of Criminal Procedure deals expressly and exclusively with eavesdropping (which by definition includes the recording of a conversation by means of instrument [Penal Law, § 738]); that the suppression procedure provided by title II-B, of which section 813-c is a part, has no parallel in title II-A; and, more immediately pertinent, that the Legislature chose to withhold from the latter title any authority to entertain appeals of the instant character. It is concluded, accordingly, that the appeals should be dismissed.

The record indicates that the pleas of guilty were influenced by defendants' belief that appeals would lie to test the legality

184

of the eavesdropping, and defendants informed the court of their intention to appeal at the time their pleas were offered. The People's brief acknowledges that "where, as here, the defendants' misconceptions were announced at the time of pleading, and were not corrected by the prosecutor or court," withdrawal of a plea of guilty is warranted in the interest of justice.

The appeals should be dismissed. Of course, defendants may move to withdraw their guilty pleas in the court below, presumably with the consent of the People, as indicated in their brief.

BOTEIN, P. J., MCNALLY, EAGER and STALEY, JJ., concur.

Appeals dismissed.