■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENTLEY WESTCOTT, Appellant.—

The defendant claims that he was deprived of his rights of confrontation and due process as a result of the admission of certain "indirect hearsay" from which the jury could have drawn incriminating inferences. However, since the defendant failed to raise any objection to the court's curative instructions concerning the hearsay statements or to the testimony elicited thereafter, which he now argues resulted in incriminating inferences, the issue is not preserved for appellate review as a matter of law *(see,* CPL 470.05 [2]; *People v Pellechia,* 144 AD2d 704, 705; *People v Mack,* 143 AD2d 686). The defendant further failed to raise objections to the prosecutor's summation, and review of the alleged prosecutorial misconduct is not warranted in the interest of justice *(see, People v Roberts,* 156 AD2d 731; *People v Balls,* 69 NY2d 641).

Finally, the court did not err in refusing to give a missing

734

witness charge, since the defense failed to establish prima facie that the uncalled witness was in the prosecution's control *(People v Gonzalez,* 68 NY2d 424, 429). Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.