■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK MATARRESE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered August 8, 1989, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant contends that the court erred in denying his request to strike the testimony of one of the People's witnesses as a sanction for the prosecution's loss of that witness's original statement to the police. We disagree. It is within the discretion of the trial court to determine the appropriate sanction to be imposed upon the People for their failure to preserve *Rosario* material *(see, People v Martinez,* 71 NY2d 937; *People v Campbell,* 176 AD2d 814; *cf., People v Wallace,* 76 NY2d 953). In the present case, the court's adverse inference charge regarding the missing statement was an appropriate measure to rectify the harm done by the loss thereof *(see, People v Martinez, supra).* The court instructed the jurors that they could infer that the witness's original statement, which was lost by the police en route to the police station from the crime scene, would contradict both her trial testimony, and a later statement obtained from her at the police precinct. Moreover, we note that there was no evidence that the witness's original statement was destroyed in bad faith, and the defense counsel cross-examined the police officer who was responsible for losing the statement.

We have examined the defendant's remaining contention, i.e., that the court improperly denied his request for a missing witness charge, and find it to be without merit *(see, People v Gonzalez,* 68 NY2d 424, 429; *People v Miles,* 161 AD2d 805; *People v Westcott,* 158 AD2d 733). Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.