■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE PALLINS, Appellant. [632 NYS2d 599] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 26, 1990, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The sanction imposed upon the People for loss of *Rosario* material was not, under the circumstances presented, an improvident exercise of the court's discretion *(see, People v Gibbs,* 85 NY2d 899; *People v Martinez,* 71 NY2d 937, 940; *see also, People v Matarrese,* 184 AD2d 591; *People v Franco,* 189 AD2d 589, 590).

The trial court's supplemental instructions on constructive possession are problematic because the trial court used an example with facts which were similar to the People's theory of the facts in the instant case *(see, People v Hommel,* 41 NY2d 427, 430). However, the trial court also used an alternative hypothetical and the instructions, read as a whole, were a fair and correct statement of the law. Thus, any prejudice was "adequately dissipated" *(People v Johnson,* 171 AD2d 532, 533).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]), or without merit. Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.