■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORINNE JOHNSON, Appellant. [635 NYS2d 507] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered July 21, 1993, convicting her of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JOHNSON, Appellant. [635 NYS2d 507] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered April 19, 1994, convicting him of assault in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It was not error to deny the defendant's request for a miss-

ing witness charge with respect to the two barbers who were present during the assault. The defendant failed to demonstrate that the missing witnesses, who knew the defendant as well as the complainants, "would naturally be expected to testify in support of the People's position and adversely to the defendant's case" *(People v Gonzalez,* 68 NY2d 424, 431; *see, People v Westcott,* 158 AD2d 733). In addition, the request was untimely *(see, People v Gonzalez, supra,* at 428; *People v Bradley,* 160 AD2d 808).

The sentence that was imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.