OPINION OF THE COURT
Robert L. Estes, J.
*623 The defendant appeals from the judgment of the local criminal court of the Town of Harpersfield (hereinafter Town Court) made May 13, 1996, convicting him of the offense of altering a freshwater wetland without a permit from the Department of Environmental Conservation in violation of ECL 24-0701 upon his guilty plea and sentencing him to pay a fine of $500 and make restitution to the Town of Harpersfield in the amount of $1,106. Defendant appeals solely from that portion of the judgment of conviction which required him to make restitution in the stated amount without a hearing.
Since the underlying proceedings were not stenographically recorded, the appeal is taken pursuant to CPL 460.10 (3). The local criminal court included the defendant’s affidavit of errors when it filed its return as required by CPL 460.10 (3) (d). It is the duty of the Justice presiding in a local criminal court to set forth or summarize evidence, facts or occurrences in or adduced at the proceedings resulting in judgment, sentence, or order, which constitute the factual foundation for the contentions alleged in the affidavit of errors. (CPL 460.10 [3] [d].)
Once filed, a return is conclusive as to the underlying facts. (People v Mason, 307 NY 570 [1954].) An appellant may move the appellate court for an order directing the local court to file an amended return, if the return is deficient as filed. (CPL 460.10 [3] [e].)
In the absence of such a motion herein, the local criminal court’s return as filed is conclusive as to all controverted matters within the Justice’s knowledge, not only on this court, but on the defendant and the People as well. (People v Mason, supra, at 574.) Assertions of fact by counsel cannot be considered by the court unless found in the return.
The local criminal court made no specific findings as to restitution beyond a comment on its case history listing: "Gerald Dewitt Is To Pay The Town Of Harpersfield 1106.00 Hesitation [sic] By June 13, 1996. This Amount Is For Repair Of Culvert And Removing Of Fill Put In The Culvert At Titus lake By Mr. DeWitt. Dated 05/13/96 Charles Brower-Town Justice.”
The local criminal court’s return includes a copy of a "bill” from the Town of Harpersfield Highway Department "for cleaning debris and unplugging culverts on Titus Lake”. There is no explanation why this amount is to be paid to the Town of Harpersfield.
ECL 71-2303 (2) sets out the criminal sanctions applicable to any person who violates any provision of ECL article 24, includ *624 ing ECL 24-0701. The criminal sanctions provide for a first offender to "be guilty of a violation punishable by a fine of not less than five hundred nor more than one thousand dollars”. (ECL 71-2303 [2].) More importantly, ECL 71-2303 (2) provides: "Instead of these punishments, any offender may be punishable by being ordered by the court to restore the affected freshwater wetland to its condition prior to the offense, insofar as that is possible. The court shall specify a reasonable time for the completion of such restoration, which shall be effected under the supervision of the commissioner or local government”. (Emphasis added.)
Defendant has paid his fine of $500. Instead of this fine, the Town Court could have punished defendant by ordering him to restore the affected wetland to its condition prior to the offense. It did not do so. If the Town Court wished to sentence defendant to pay for the restoration of the affected wetland, it could have sentenced him to do so instead of the fine it chose to impose. There is no statutory authority to order "restitution” in addition to the fine imposed.
The return of the Town Court states that in addition to ordering the defendant to pay a fine of $500, the court ordered the defendant to pay restitution, apparently pursuant to Penal Law § 60.27. On its face, Penal Law § 60.00 (1) renders the restitution provisions of the Penal Law applicable "in the case of every offense, whether defined within or outside of [the Penal Law].” That provision is limited, however, by subdivision (2) of section 5.05 of the Penal Law, which provides that "unless the context otherwise requires” the provisions of the Penal Law shall govern the punishment of any offense defined outside of the Penal Law. Straightforward analysis demonstrates that the context of the statutes at hand requires a determination that restitution is not available as a remedy in enforcement of the freshwater wetlands provisions of the ECL.
One of the declared policies of the freshwater wetlands provisions is "to preserve, protect and conserve freshwater wetlands and the benefits derived therefrom, to prevent the despoliation and destruction of freshwater wetlands”. (ECL 24-0103.) This end is furthered by vesting the court with discretionary authority to order the offender to restore the affected freshwater wetland to its condition prior to the events. Presumably, the alternative punishment of a fine is deemed to further that policy by deterring potential offenders from violating the law. The law clearly provides that the offender, and not the local government, should effect the restoration, although it *625 provides that the offender effect such restoration "under the supervision of the commissioner or local government.” (ECL 71-2303 [2].) By providing a choice between restoration of the freshwater wetland and other enumerated traditional sanctions of fines (and in the case of misdemeanors, imprisonment), the Legislature necessarily excluded restitution as an additional remedy. Recognizing restitution as an additional remedy would render subdivision (2) of ECL 71-2303 meaningless, by providing both restoration at the offender’s expense and more traditional penal sanctions, in addition to the civil penalties authorized at subdivision (1) of ECL 71-2303. This court holds that the context of the statutes clearly excludes restitution as a possible remedy in freshwater wetlands cases.
Since it is clear that restitution is not an available remedy in such cases, it is unnecessary to consider whether the local court erred by not conducting a hearing.
The judgment of the local criminal court of the Town of Harpersfield made May 13, 1996 insofar as it purports to sentence defendant to make restitution to the Town of Harpersfield in the amount of $1,106 is unauthorized and invalid as a matter of law. Therefore, the judgment will be modified, on the law, by vacating so much thereof as requires the defendant to make restitution. As so modified, the judgment will be affirmed.