■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY B. OQUENDO, Appellant. [701 NYS2d 527] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 31, 1997, upon a verdict convicting defendant of the crime of robbery in the first degree.

On November 16, 1996, defendant and another individual entered the Troy Plaza Liquor Store in the City of Troy, Rensselaer County, where Tom Vumbaco and David Moran were working. Defendant pushed Vumbaco against a wall, held an elbow to his chest and thereafter thrust his other hand, black-gloved with a white cloth wrapped around it, into Vumbaco's stomach while declaring to Moran that "this is a [expletive] robbery * * * I am going to blow his guts out * * * open the register". Defendant also stated, "I have a gun * * * I will blow his [expletive] guts all over the place." Moran opened the register and the other robber removed the money. An off-duty correction officer, John Crudo, who was parked outside the store, observed the robbery. The robbers left the store and fled on foot.

Approximately one week later, after Moran identified defendant from a photo array, defendant was arrested. Upon his indictment on two counts of robbery, one in the first degree and one in the second degree, and following a *Wade* hearing in which County Court denied his suppression motion, a jury trial was held. At trial, the victims, Crudo and the arresting officer testified for the People. Defendant proffered an alibi defense through the testimony of an acquaintance. Convicted of robbery in the first degree and sentenced to a term of imprisonment of 12½ to 25 years, defendant appeals.

Defendant primarily contends that County Court's supplemental charge to the jury constituted reversible error. During deliberations, the jury made two written requests for further clarification regarding the "display" element of robbery in the first degree (*see*, Penal Law § 160.15 [4]). After the first request, the court simply re-read the original instruction. In response to the second, however, County Court read, over defense counsel's objection, the following passage based upon the language from *People v Lopez* (73 NY2d 214, 220-221):

"Although the display element focuses on the fearful impression made on the victim, it is not primarily subjective. The People must show that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of forcibly taking property and that the victim actually perceived the display. However, the object displayed need not closely resemble a firearm or bear a distinctive shape. In light of the purpose of the statutory scheme, the broad wording of the display element and the obligation to construe [the] Penal Law fairly to carry out the legislative intent it has been held that the display of anything that appears to be such though held inside a coat or otherwise obscured, is covered by

the section and as [an] illustration only, a towel wrapped around a black object a toothbrush held in a pocket or even a hand consciously concealed in clothing may suffice if, under all the circumstances the defendant's conduct could reasonably lead the victim to believe that a gun is being used during the robbery. Indeed the victim's perception need not be visual, but may be limited to touch or sound as when the defendant as again an illustration, when the defendant approaches in the dark or from behind so that the victim may only feel or hear what appears to be a gun. Thus the display requirement has been construed broadly to cover a wide range of acts which might reasonably create the impression in the mind of the victim that the robber is armed with a firearm but cannot be read so broadly as to include mere statements that, 'a robber is armed with a gun'."

Contending that the jury's fact-finding function was impinged by being presented with strikingly similar factual patterns that had been held by other courts to be sufficient evidence of the "display" element of Penal Law § 160.15 (4)—a result seemingly approved of by County Court and buttressed by its invocation of the authority of the Legislature by discussing the purpose of the statutory scheme—defendant asserts that the substantial prejudice resulting therefrom was not dissipated by subsequent curative instructions or balanced by alternative hypotheticals. We disagree.

While County Court's reference to the legislative underpinnings of the statute and the use of one similar hypothetical causes us concern, we do not find it to be reversible error. Unlike the charge considered in *People v Hommel* (41 NY2d 427, 429), where the trial court read verbatim headnotes to the jury, included the title of the case and the court which rendered the decision, County Court properly followed the procedure set forth by the Court of Appeals in *People v Hommel* (*supra*, at 429) when it advised that "it may be proper in a charge to the jury * * * to quote from prior opinions where the quoted language artfully expresses general and well-recognized legal principles".

Careful to delete citations included in the passage borrowed from *People v Lopez* (*supra*) and limiting the passage to general and well-recognized legal principles, we find that County Court properly followed the Court of Appeals' guidelines. While County Court did include the hypothetical of a towel wrapped around a black object, it first qualified the use of such example by emphasizing that it was being presented "as an illustration

only". Moreover, even if "[t]he court's use of a hypothetical with facts 'strikingly similar' to the facts in the present case may have been [in] error * * * any prejudice was adequately dissipated by the subsequent curative instruction and alternative hypothetical" (*People v Johnson*, 171 AD2d 532, 533, *lv denied* 77 NY2d 996; *see, People v Pallins*, 220 AD2d 625, *lv denied* 88 NY2d 883). Accordingly, we do not find the inclusion of this fact pattern from *People v Baskerville* (60 NY2d 374), along with other examples, to constitute reversible error.

Having reviewed defendant's remaining contentions and concluded that they are without merit, we affirm the judgment of conviction.

Mercure, J. P., Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.