■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON S. WILSON, Appellant. [934 NYS2d 265]—

Stein, J.

In April 2009, the victim (born in 1995) informed her mother, defendant's live-in girlfriend, that defendant had molested her on two occasions while she slept—once in 2003, when he put his finger inside her vagina, and again in 2007, when he moved his hands along her stomach toward her vagina and attempted to roll her onto her back. The victim's mother brought her to the State Police, where the victim gave a statement. Defendant was indicted and found guilty after a jury trial of one count of sexual abuse in the first degree and one count of attempted sexual abuse in the second degree.* Defendant now appeals and we affirm.

The People's proof at trial included, among other things, a videotape of defendant's full confession to the police. County Court granted defendant's pretrial request for a *Huntley* hearing, but proceeded to trial without conducting such hearing. Although County Court was required to determine defendant's suppression motion before the commencement of trial (*see* CPL 710.40 [3]), defendant waived any objection to such procedural irregularity by proceeding to trial without a ruling and by failing to object to the admission of the confession into evidence (*see* CPL 470.05 [2]; *People v Wright*, 5 AD3d 873, 875 [2004], *lv denied* 3 NY3d 651 [2004]; *People v Melendez*, 141 AD2d 860, 861 [1988], *lv denied* 73 NY2d 788 [1988]). In fact, defendant affirmatively withdrew his motion to suppress the videotaped confession on the third day of the trial. In addition, when asked by County Court during the trial whether he objected to the

---

* Defendant represented himself at trial, assisted by an assigned attorney advisor.

admission of the confession, he replied in the negative. Defendant's contention on appeal that the videotape should have been redacted to eliminate the portion of his police interview wherein he indicated his unwillingness to submit to a polygraph test is unpreserved for our review as he failed to request redaction or object to its admission at any time before the videotape was shown (*see* CPL 470.05 [2]; *People v Perkins*, 24 AD3d 890, 891 [2005], *lv denied* 6 NY3d 816 [2006]; *People v Vinogradov*, 294 AD2d 708, 709 [2002]; *see generally People v Abare*, 86 AD3d 803, 805 [2011]).

Nor do we find merit to defendant's argument that the supplemental charge given by County Court in response to the jury's question as to the meaning of sexual gratification was reversible error. During its deliberations, the jury sent a note to the court seeking "guidance or standards to understand what touching for the purposes of sexual gratification means." The court properly apprised both parties of the request, and provided them with an opportunity to suggest a response (*see* CPL 310.30; *People v O'Rama*, 78 NY2d 270, 276-277 [1991]; *People v Carpenter*, 52 AD3d 1050, 1051 [2008], *lv denied* 11 NY3d 735 [2008], *cert denied* 556 US —, 129 S Ct 1613 [2009]). After rereading the charges, including the elements thereof, and reiterating the People's burden of proof, County Court provided examples of factual scenarios from prior cases—as suggested by the People—indicating whether defendant's conduct in those cases had or had not led to a jury determination that such conduct constituted touching for the purpose of sexual gratification. In addition, the court provided a definition of gratification, as requested by defendant. Defendant's main contention is that the examples of factual scenarios provided to the jury prejudiced his right to a fair trial.

In responding to inquiries from a deliberating jury, the trial court "must give such requested information or instruction as [it] deems proper" (CPL 310.30) by interpreting the question and "calculat[ing] what information is best suited to eliminate the apparent jury confusion" (*People v Ward*, 282 AD2d 819, 821 [2001], *lv denied* 96 NY2d 942 [2001]; *see* CPL 310.30; *People v Ellis*, 183 AD2d 534, 536 [1992], *affd* 81 NY2d 854 [1993]). Although the court may exercise some discretion in fashioning a response, the response must be meaningful (*see People v Santi*, 3 NY3d 234, 248 [2004]; *People v Steinberg*, 79 NY2d 673, 684 [1992]; *People v Ward*, 282 AD2d at 821; *People v Henning*, 271 AD2d 813, 815 [2000]; *People v Pyne*, 223 AD2d 910, 912 [1996], *lv denied* 88 NY2d 940 [1996]). In interpreting the adequacy of the court's response, we consider the form of the question, the

particular issue raised, the supplemental instruction actually given and the prejudice, if any, to the defendant (*see People v Steinberg*, 79 NY2d at 684).

Here, before providing examples where touching for sexual gratification had been found, County Court explained that they came from case law and instructed the jury that it was not required to find that defendant's conduct was for the purpose of sexual gratification even if the factual scenarios were similar. County Court also reinforced defendant's right to remain silent and the jury's ability to seek additional instruction from the court. Upon reading the record as a whole, we find that County Court based its supplemental instruction on general and well-recognized legal principles regarding sexual gratification (*see People v Ditta*, 52 NY2d 657, 660-661 [1981]; *People v Wagner*, 72 AD3d 1196, 1197 [2010], *lv denied* 15 NY3d 779 [2010]; *People v McDade*, 64 AD3d 884, 887 [2009], *affd* 14 NY3d 760 [2010]). "[The court's] supplemental instructions when considered in full and in context neither misstated the applicable law nor tended, in the end, to confuse or coerce the jury" (*People v Ellis*, 183 AD2d at 535). Moreover, the curative instructions given by the court obviated any prejudice to defendant (*see People v Terry*, 85 AD3d 1485, 1487 [2011], *lv denied* 17 NY3d 862 [2011]; *People v Wilson*, 78 AD3d 1213, 1215 [2010], *lv denied* 16 NY3d 747 [2011]; *People v Oquendo*, 268 AD2d 883, 886 [2000], *lv denied* 95 NY2d 837 [2000]).

Defendant's contention that County Court improperly marshaled the evidence is also unpersuasive, particularly in view of the fact that defendant did not present any evidence (*see People v Owens*, 69 NY2d 585, 591 [1987]; *People v Culhane*, 45 NY2d 757, 758 [1978], *cert denied* 439 US 1047 [1978]). Further, any error was harmless in view of the undisputed trial evidence (*see People v Steinberg*, 79 NY2d at 684; *People v Ellis*, 183 AD2d at 536).

Defendant's remaining contentions, to the extent that they have not been specifically addressed herein, have been considered and are unavailing.

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.