People v Midgett (2021 NY Slip Op 50588(U))

[*1]

People v Midgett (Archie)

2021 NY Slip Op 50588(U) [72 Misc 3d 127(A)]

Decided on June 24, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 24, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-1002 S CR

The People of the State of New York,
Respondent,
against
Archie Midgett, Appellant. 

Johnathan Cartelli, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Debra Urbano-DiSalvo, J.H.O.), rendered April 18, 2019. The
judgment convicted defendant, after a nonjury trial, of using a portable electronic device while
operating a motor vehicle while in motion, and imposed sentence. The appeal brings up for
review an oral order of that court denying defendant's motion to dismiss the simplified traffic
information.

ORDERED that the judgment of conviction is reversed, on the law, defendant's motion to
dismiss the simplified traffic information is granted, and the fine, if paid, is remitted.
Following a nonjury trial, defendant was found guilty of using a portable electronic device
while operating a motor vehicle while in motion (Vehicle and Traffic Law § 1225-d [1]),
and sentence was imposed. On appeal, defendant contends, among other things, that the court
improperly denied, as untimely, his written motion to dismiss based upon the People's failure to
serve and file a requested supporting deposition. 
The court incorrectly ruled that defendant's motion to dismiss the simplified traffic
information was untimely. CPL 170.30 provides that a motion to dismiss a simplified
information should be made within the time period denoted in CPL 255.20, which provides that
it shall be served or filed within 45 days after arraignment and before commencement of trial, or
within such additional time as the court may fix upon application of the defendant made prior to
the entry of judgment (see CPL 255.20 [1]). Here, the court's return, by which this court
is bound (see People v Prior, 4 NY2d 70, 73 [1958]), states that defendant's motion was
submitted the afternoon of the trial and it is uncontested that the trial occurred at night. Thus,
despite the [*2]People's contention to the contrary, the motion
was filed before the commencement of trial and therefore was timely. Additionally, as indicated
in the return, one of the court's reasons for denying defendant's motion was that counsel did not
raise the issue that there was a pending written motion until after the trial had commenced and
the police officer had completed his direct examination. In the context of speedy trial and
suppression motions (see CPL 30.30, 710.40), courts have held that, when a defendant
proceeds to trial despite the court's failure to decide such a pending motion, the motion is deemed
abandoned and the claim waived (see
e.g. People v Wilson, 90 AD3d 1155 [2011]; People v Martin, 81 AD3d 1178 [2011]; People v Green, 19 AD3d 1075
[2005]; People v Wright, 5 AD3d
873 [2004]; People v Hill, 51
Misc 3d 134[A], 2016 NY Slip Op 50543[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2016]). However, we do not extend this doctrine to apply to a motion to dismiss a
simplified traffic information for failure to provide a supporting deposition, which motion
implicates jurisdiction.
When a defendant is charged in a simplified traffic information with a Vehicle and Traffic
Law violation and makes a timely request for a supporting deposition, he or she is entitled, as of
right, to receive a supporting deposition of the complainant police officer and, upon such a
request, the court must order the complainant police officer to, among other things, "file such
supporting deposition with the court together with proof of service thereof" (CPL 100.25 [2];
see People v Key, 45 NY2d 111, 116 [1978]). Here, defendant denied ever receiving the
requested supporting deposition and, indeed, the record does not demonstrate that a supporting
deposition was filed with the court together with proof of service thereof. Consequently, under
the particular circumstances of this case, the People failed to demonstrate their compliance with
CPL 100.25 (2). This failure "renders the simplified [traffic] information insufficient on its face"
(CPL 100.40 [2]; see People v
Wagschal, 59 Misc 3d 29 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Accordingly, the judgment of conviction is reversed and defendant's motion to dismiss the
simplified traffic information is granted.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2021