People v Silverstein (2025 NY Slip Op 01395)

People v Silverstein

2025 NY Slip Op 01395

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2017-07614
 (Ind. No. 5003/16)

[*1]The People of the State of New York, respondent,
v
Kurt Silverstein, appellant.

Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Matthew Keller and Daniel Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered June 27, 2017, convicting him of criminal sale of a prescription for a controlled substance by a practitioner (six counts), unauthorized practice of a profession (five counts), and falsifying business records in the first degree (three counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
"Criminal Procedure Law 60.22(1) provides that '[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense'" (People v Paige, 134 AD3d 1048, 1051, quoting CPL 60.22[1]). "'[T]he role of the additional evidence is only to connect the defendant with the commission of the crime, not to prove that he [or she] committed it'" (id., quoting People v Reome, 15 NY3d 188, 192). The statutory requirement may be satisfied by evidence that tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth (see People v Reome, 15 NY3d at 192).
Here, contrary to the defendant's contention, the accomplice testimony regarding the offenses alleged to have occurred in July 2009 was adequately corroborated by, inter alia, the testimony of another employee of the defendant that, between March and July 2009, the defendant generally left the office early in the morning and returned at the end of the day to review a logbook and count money with the accomplice (see People v Napolitano, 282 AD2d 49, 51, 63). Furthermore, the accomplice testimony regarding the offenses alleged to have occurred in July 2011 was adequately corroborated by, among other things, the signed prescriptions dated July 8, 2011, from the defendant's pad of consecutively numbered prescription forms and the defendant's flight records from July 7, 2011, and July 10, 2011 (see People v Reome, 15 NY3d at 195; People v Paige, 134 AD3d at 1051).
Viewing the evidence in the light most favorable to the prosecution (see People v Li, 34 NY3d 357, 363), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Reome, 15 NY3d at 195). Moreover, in fulfilling our responsibility [*2]to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court's supplemental jury instruction was improper and misleading is unpreserved for appellate review (see CPL 470.05[2]). In any event, the court's supplemental jury instruction neither misstated the applicable law, nor tended, in the end, to confuse or coerce the jury (see People v Brown, 138 AD3d 1014, 1014; People v Wilson, 90 AD3d 1155, 1157; People v Ellis, 183 AD2d 534, 535, affd 81 NY2d 854).
The defendant failed to preserve for appellate review his contention that certain remarks made by the prosecutor during summation deprived him of a fair trial (see People v Komynar, 210 AD3d 698). In any event, most of the challenged remarks were responsive to the defense summation (see People v Halm, 81 NY2d 819, 821; People v Komynar, 210 AD3d at 700). To the extent that any of the prosecutor's remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (cf. People v Drago, 207 AD3d 559, 562-563), and any prejudice to the defendant was ameliorated by the County Court's curative instructions to the jury (see People v Turner, 203 AD3d 1083).
The defendant failed to preserve for appellate review his contentions that the County Court's denial of his application for a one-week adjournment and for an in camera review of the People's file deprived him of his constitutional right to a fair trial (see CPL 470.05[2]). In any event, the contentions are without merit. "The decision whether to grant an adjournment is ordinarily committed to the sound discretion of the trial court" (People v Spears, 64 NY2d 698, 699). "But in particular situations, when the protection of fundamental rights has been involved in requests for adjournments, that discretionary power has been more narrowly construed" (id. at 700). Here, while the court did not grant the defendant's request for a one-week adjournment after the People produced an additional 46 pages of Rosario material (see People v Rosario, 9 NY2d 286), defense counsel indicated that he reviewed the material overnight with the defendant and continued cross-examining the witness the following day. Accordingly, the court did not improvidently exercise its discretion in denying the defendant's application for a one-week adjournment (see People v Cooper, 192 AD3d 823, 824; People v Nelson, 189 AD3d 1080, 1081). The defendant contends that an in camera review of the People's file was necessary because the People failed to disclose certain Brady material (see Brady v Maryland, 375 US 83) or Rosario material (see People v Redmon, 184 AD3d 775, 776). However, the defendant failed to articulate a factual basis for this assertion (see id.). The People's redaction of the names of the defendant's patients whom the People did not intend to call as witnesses and whose care was not at issue did not provide a sufficient factual basis.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court